R. B. JOHNSON ET AL. V. R. J. CALDWELL ET AL.

Though one who purchases real estate at a sheriff's sale, made after the term to which the execution is returnable, where no writ of *venditioni exponas* has issued, acquired no title, yet, if there be no fraud in the purchase, he will not be compelled to restore the property until he is reimbursed the amount paid by him, and which went to discharge the judgment.

APPEAL from Fannin. Tried below before the Hon. W. H. Andrews.

The evidence in this case shows that the sale was made by the sheriff, after the term to which the execution was returnable, but under a levy made before the term. No writ of *venditioni exponas* was applied for.

*S. B. Maxey*, for appellants.—I had thought this was not an open question. (Wheaton v. Sexton, 4 Wh., 503 ;

Ayres v. Duprey, 27 Texas, 593.) "The purchaser depends upon the judgment, the levy and the deed, and all other questions are between the parties to the judgment and the officer." (Brooks v. Rooney, 11 Ga., 423, evidently drawn from Wheaton v. Sexton.) An inspection will show a valid judgment, a valid execution and a valid levy made prior to return day, and I submit that the law is with the appellants.

*H. S. Bennett*, for appellee.—We regard the principle to be elementary that to acquire a good title to land at sheriff's sale, there must be a valid judgment, execution, levy and sale, and that a writ of *venditioni exponas* is an execution, and so regarded in law. (Towns v. Harris, 13 Texas, 507; Lockridge v. Baldwin, 20 Texas, 103; Young v. Smith, 23 Texas, 600.)

The writ of execution emanating from a valid judgment is the only authority for the sheriff's action, and even collection of money after the return day of the execution will not bind the securities on the sheriff's bond. (Borden v. McKinne, 4 Hawk's Law and Eq. Rep., 282.)

Hamilton v. Ward, 4 Texas, 356. In this case the sheriff levied the execution upon the lands in controversy, but not in time to sell the same before the return day of the execution, and proceeded to sell said lands without an alias execution or *venditioni exponas* being issued by the District Court, which sale was without authority of law, and vested no such title in plaintiffs as will enable them to maintain this action.

WALKER. J.—This is an action of trespass to try title. The plaintiffs claim under a sheriff's deed made in pursuance of a sale which it is claimed was irregular and void.

The sheriff levied on the property, but suffered the execution to become dead in his hands before making a sale. A term of the District Court having intervened, the sher-

iff proceeded to sell without an execution, or *venditioni exponas*.

In Towns v. Harris *et al.*, 13 Texas, 507, it was held that a sale of real property made in this State after the return day of the execution, was void.

So far as any title to the purchaser is concerned, we hold the same doctrine; but in Howard v. North, 5 Texas, 290, the court, in treating a case of this kind, held that where a sale on execution under a valid judgment is void, and the debtor brings suit to recover the property, if there is no fraud on the part of the purchaser he will not be compelled to restore the property, without being reimbursed the amount which he paid, and which went to discharge the judgment.

This, too, is an equitable doctrine of the law, and we think should be carried out in this case.

We have not thought it necessary to lay down this rule in Grace v. Garnett, for the reason that in that case there are evidently strong presumptions of fraud in the sale, if indeed any sale were made, which is not shown by the constable's return.

The court properly ruled out the sheriff's deed in this case, but as we think without protecting the appellants' equitable right to recover back the purchase money in the absence of any proof of fraud in the sale.

The judgment is therefore reversed and the cause remanded, to be proceeded in, in accordance with this opinion.

                              REVERSED AND REMANDED.