GEORGE J. ELAM ET AL. v. H. D. DONALD, ADM'R, ET AL.

(Case No. 1520.)

1. SETTING ASIDE EXECUTION SALE.— When process based on a judgment for the sale of land was issued on the application of an intervenor, and under it the land sold without notice to the plaintiff, who under the judgment was interested with the intervenor in the proceeds of sale, *held*,

(1) When, under such circumstances, the intervenor made representations at the sale tending to prevent competition in bids, and the land sold for greatly less than its value (the sum realized being only enough to satisfy the judgment in favor of intervenor, who by its terms was entitled to priority of payment), a judgment setting aside the sale will not be disturbed.

(2) In the absence of fraud in the purchaser, he was entitled to have refunded him the amount paid by him on his bid.

(3) See the opinion for facts which did not justify a refusal to refund the money paid by the purchaser at the sale thus set aside.

APPEAL from Falls. Tried below before the Hon. Jo Abbott.

Appellee, as administrator of James Black, deceased, had recovered a judgment against W. Nile Elam for the purchase money in part of a tract of land sold by Black to W. Nile Elam, with decree of foreclosure. The amount was $1,189.73.

Nancy and John Elam, father and mother of W. Nile Elam, were parties defendants, because the deed by Black was made to them. Intervenor Graves was also adjudged $254.74, and S. A. Elam $325.75. These amounts were also liens, being the principal and interest of notes also given by the purchaser, W. Nile Elam, to James Black, as part of the purchase money, and indorsed by Black to intervenors. These amounts were decreed to be paid before the amount due to Donald, administrator. It appears that, without the knowledge of plaintiff, the Elams caused an order of sale to be issued, and the land sold for not quite a sufficient amount to pay the claims of the intervenors.

It was charged that it did not bring near its value, because at the sale it was stated by the attorney of intervenor Graves that there was a valuable mill and gin on the land, and which statement was publicly denied by one of the Elams in the hearing of the bidders.

Plaintiff sought to set aside the sale as fraudulent, and asked to have it resold, on the ground that it would have brought a sufficiency to pay off all the claims had not Elam denied the fact of the gin and mill being on the land, when it was alleged that in fact they were.

The land was bid off by one P. F. Alexander, who did so at request of George J. Elam, a brother of W. Nile Elam, and the sher-

iff made a deed to Alexander, George J. paying the amount bid; and Alexander, by direction of George J., made a deed to John and Nancy, father and mother of W. Nile Elam and George J. Elam. They had given George J. their note for the amount, but the note had never been paid. The entire Elam family were made parties, as Nancy, the mother, had died.

It is unnecessary to detail the evidence, as enough is referred to in the opinion for its proper understanding. Case tried without a jury, and judgment for plaintiff setting aside the sale and ordering the land resold under the original judgment for the unpaid balance, no provision being made for refunding to the purchaser at first sale.

*Goodrich & Clarkson*, for appellants.

I. The court erred in the finding of the law and fact, and in rendering the judgment for the plaintiff, and said finding and judgment are both, all and each, contrary to and unsupported by the law and the evidence, for the reason that said S. A. Elam and W. Nile Elam, and neither of them, made any misrepresentation or false statement of fact as to the gin and mill not being on the land being sold under the judgment of H. D. Donald v. W. Nile Elam. Because the evidence shows that said gin house and mill house was not in fact on the land being then sold, or on any land that could be sold under said judgment of Elam v. Donald, and such land would not pass with the sale of the land described in the judgment and being then sold, and the finding of the court to the contrary is contrary to the law and the evidence.

II. Land must be identified by the calls or description in the deed or title, and land not within the calls or description contained in the judgment and order of sale in Donald v. Elam, under which said execution sale was being made, would not pass by the sale, although such land was acquired by the defendant in execution, W. N. Elam, by his purchase from Black. Anderson v. Stamps, 19 Tex., 460; Bartlett v. Hubert, 21 Tex., 20; Booth v. Upshur, 26 Tex., 69; Muller v. Landa, 31 Tex., 265; Cheneworth v. Huskeil, 3 Pet., 96.

III. The defendants, George J. Elam and John Elam, having purchased without notice of a connection with the fraud or misrepresentations of W. Nile and S. A. Elam, are purchasers in good faith, and took a valid title to the land, and such sale cannot be set aside as to them, although the statements made by said defendants were false and fraudulent.

IV. He who asks equitable relief must be required to do equity. The plaintiff cannot set aside the sale under execution and have the land resold and retain the money paid by the purchaser, which has gone to pay off the prior claims of the intervenors. This is equivalent to having the money in his own hands. In such case the party who has received the money, or who has received the benefits of the payment, must rescind the sale wholly, if at all, and refund the money. Bailey v. White, 13 Tex., 114.

*Anderson & Flint*, for appellee.

I. Defendant W. Nile Elam made the declaration that there was no gin or mill on the land at the auction sale. George J. Elam, who paid the amount bid, knew of the fraudulent representation. George J. procured Robert Alexander to bid for him. George J. is brother to all the defendants except John, and is son of John. W. R. Dickinson states he was attorney for intervenor Graves; was present at the sale. George J. was in a room near; in few feet of place of bidding. Witness could hear George J. talking plainly; and he saw him once out in the hall of the court house where the sheriff was crying the sale. George J. was not called on to testify by defendants.

II. John Elam has never parted with possession so as to constitute him an innocent purchaser. John Elam gave his note to George J. for the amount bid and paid by George, but has never paid the note.

WILLIE, CHIEF JUSTICE.— There was perhaps enough evidence introduced in the court below to warrant the judgment so far as it set aside the sale of the land. No notice was given to the appellee Donald, who was plaintiff below, of the time when it would take place, the intervenors having sued out the process under which the sale was made. The price which the land brought was far below its value; and one of the intervenors, to the payment of whose debt the purchase money was to be applied before Donald could receive any portion of it, made statements at the sale tending to prevent competition in bidding. But we cannot concur in the action of the district court in refusing to enter an order for the return of the purchase money to George J. Elam, who bought the land at the sheriff's sale. This refusal was based upon a supposed fraudulent combination between him and his two brothers to misrepresent the extent and value of the property in order that he might buy it at a reduced price.

The general principle that a purchaser at a void sale, made under a valid judgment, is entitled to a return of the purchase money paid by him towards the satisfaction of the judgment upon setting aside the sale, is well established.    Howard v. North, 5 Tex., 291; Bailey v. White, 13 Tex., 114; Burns v. Ledbetter, 56 Tex., 282.

An exception is when such purchaser has been guilty of fraud; and it is claimed that George J. Elam has been brought within that exception by the evidence adduced in this cause.   All the proof on this subject was, that whilst the bidding was going on, J. R. Dickinson, who represented Graves, one of the intervenors for whose benefit the sale was made, in order to enhance the bidding, stated to the bystanders that there was a gin, mill and machinery on the land.    Thereupon S. A. Elam, the other intervenor, and W. N. Elam, the defendant in execution, stated that there was no gin or mill on the land, and if any one bought expecting to get the gin and mill they would get a lawsuit.    When these remarks were made, George J. Elam was in a room of the court house, not far from the door where the sale was taking place, which room was occupied by him as an officer of the county, and he doubtless heard all the remarks.    One Alexander was bidding for George J. Elam at the time, and the latter came out into the hall of the court house once whilst the sale was progressing.    The land was knocked off to Alexander, and he, at request of George J. Elam, made the title to John and Nancy Elam.    George J. Elam furnished the money which Alexander paid for the land, and John Elam gave George J. his note for that amount when the deed was made to himself and wife by Alexander.    These are in brief the circumstances from which the court below deduced the conclusion that George J. Elam had combined with his two brothers, S. A. and W. N. Elam, to depreciate the value of the property so that he might purchase it at a small price.    It may be added that it was also proved that the land would have brought a better price but for the statements made at the sale.    On the other hand, it was fully proved by W. N. Elam that his brother George had no agreement or understanding with him as to depreciating the land by saying the gin house was not on it; in fact he never spoke with him about the land.    And there was no proof showing that the purchaser had anything to do with bringing on the sale without notice to the plaintiff Donald.

As to these facts, it may be remarked:

1. The gin and mill were not included within the description of the land ordered to be sold.    If they passed by the sale, it would be by virtue of an old understanding had between former proprietors of this and an adjoining tract, that the portion of land upon which

they stood should be considered a part of the tract now offered for sale, although in truth they were upon the adjacent tract of land. It was, therefore, by no means a certainty that the party making the statement was guilty of a false representation.

2. The statement was but a natural reply to the one just made by Dickinson, which latter was calculated to mislead bidders if it were not true.

3. The mere fact that these remarks of his brothers were heard by Geo. J. Elam did not make him a party to them. He was in his own office, and it was no part of his duty to come out and announce to the company present that his brothers were misrepresenting the facts, even if he knew that to be the case. If that were so, any bidder at a public vendue would be responsible for all the remarks made by bystanders which tended either to enhance or decrease the amount of bids offered for it, if he knew they were incorrect.

4. Again, it fully appears that these remarks were called out by an assertion made by another party, and the probabilities are that if such assertion had not been made the remarks would not have followed. How then, can it be said that there was a premeditated design on the part of the Elams to make the statement which two of them did in order to reduce the price of the land? For they could hardly have known that Dickinson would make the statement which called it out. The fact that Elam bought through an agent and conveyed to third parties is too weak in itself to give any support to the idea of fraudulent combination. And when we take into consideration the sworn evidence of W. N. Elam, to the effect that there was no understanding with George J. Elam as to depreciating the land, there seems no sufficient reason for refusing to refund the money paid by the purchaser for the land, which money went towards the satisfaction of the judgment under which it was sold.

Because of the error of the court in not directing a return of the price paid for the property, the judgment below is reversed, and reformed so as to cancel and set aside said execution sale, and direct that a new sale of said property take place in manner as prescribed by law; and that out of the proceeds of such sale, after satisfying all costs which may be due in the court below, there be paid to said George J. Elam the amount heretofore paid by him as purchase money of the land; and that the balance due the intervenors be then satisfied, and the remainder be paid to the plaintiff in the judgment below.      REVERSED AND REMANDED.

[Opinion delivered January 17, 1883.]