No. 1993.

JOSHUA J. MAYES *v.* MARY R. BLANTON.

WILLS.—A will conveyed the property of the deceased to three trustees, who were also named as independent executors, in trust, as follows: "First, that they shall pay out of the whole estate all my just debts." But one of the three executors qualified, who, after selling a tract of land, died;

and this suit was brought by the administrator de bonis non, against the purchaser to recover the land, remove cloud from title, and to recover rents. *Held:*

(1) In Blanton v. Mayes, 58 Texas, 424, there was nothing in the facts presented to show that the estate owed debts.

(2) That decision did not announce that the executor who qualified was not authorized to sell property of the estate to pay debts unless he did so under an order of the probate court in course of regular administration.

(3) Under the provisions of the will the executors had the apparent, if not the real, power to do every act which an executor administering an estate under will free from the control of the probate court may ordinarily do.

(4) The purchaser, having bought in good faith, was entitled to recover back the money he paid for the land, and which was applied to the benefit of the estate, or the beneficiaries under the will. Citing Howard v. North, 5 Texas, 316; Herndon v. Rice, 21 Texas, 456; and Walker v. Lawler, 45 Texas, 538.

(5) The right to recover back the money involves the right to recover interest thereon, and also money expended by the defendant in payment of taxes on the land.

Appeal from Liberty. Tried below before the Hon. Edwin Hobby.

*Hugh Jackson, C. L. Davis* and *Davis & Sayles,* for appellant, on their proposition that the charge of the court was error, cited Howard v. North, 5 Texas, 316; French v. Grenet, 57 Texas, 278 to 282; Walker v. Lawler, 45 Texas, 538; Roberts v. Frisby, 38 Texas, 219; 21 Texas, 279; Ib., 774.

That the sale was not void, but valid, and that the plaintiff should repay purchase money as a condition of recovery, they cited Probate Act, August 15, 1870, sections 274 and 275; Johnson v. Bowden, 43 Texas, 674; Cummings v. Powell, 8 Texas, 85; Blanton v. Mayes, 58 Texas, 427, 429; Poor v. Boyce, 12 Texas, 450; Osgood v. Franklin, 2 Johnson's (N. Y.) Chancery Reports, 20; Ib., 252; Jackson v. Burtis, 14 Johnson's (N. Y.) Chancery Reports, 398; Burdett v. Silsbee, 15 Texas, 605; Perry on Trusts, sections 502, 505; Havemeyer v. Iowa County, 3 Wallace, 294.

*Wharton Branch,* for appellee, on his proposition that the error of the charge, if any, was in appellant's favor, and who had a right to plead in reconvention, cited 17 Texas, 543; Blanton v. Mayes, 58 Texas, 427 and 429; Revised Statutes, Articles 645, 646, 647, 648, 649 and 650; 26 Texas, 305 to 307; 25 Texas, 230 to 232; 25 Texas Supplement, 127 and 128; 25 Texas, 79.

STAYTON, ASSOCIATE JUSTICE.    It appears that T. Schlutter died testate in the year 1875, and by his will named three persons executors, two of whom renounced the executorship and the other probated the will, and, in accordance with its terms, received letters testamentary which empowered him to administer the estate without the control of the probate court.    The executor seems to have returned an inventory and appraisement.

The will had this further provision:    "I will and bequeath unto John Howard, Bevin R. Davis and Julius Frederick, of Galveston, and to the survivor of them, all and singular my estate and property, real, personal and mixed, in trust for the uses and purposes following:    First, they shall pay out of the whole estate all my just debts."

The will then provides for the management and control of that part not necessary to pay debts, by the trustees, evidently contemplating that the property should remain in their hands, control and management for many years, for the benefit of the beneficiaries in the trust.    The same persons named as trustees were also appointed as executors.    After the one executor qualified, he sold the tract of land in controversy to the appellant, who paid him for it.

On a former appeal, it was decided that one of the trustees had no power under the will, the others living, to sell the property conveyed in trust; and the opinion questions the power of all the trustees, under the provisions of the will, to sell.    (Blanton v. Mayes, 58 Texas, 424.

While the opinion there given recognizes the correctness of the ruling in Johnson v. Bowden, 43 Texas, 674, reasserted in Anderson v. Stockdale, 62 Texas, 54, there is much in the argumentative part of the opinion which would seem to deny the rule laid down in the cases above mentioned; but it will be seen that there was no evidence in the case, as there presented, which tended to show that the estate owed debts which, alone, under the terms of the will, would have empowered the qualified executor, or all of them, had they qualified, to sell property as executors.    We do not now understand that it was decided, on the former appeal, that the executor who qualified was not empowered to sell property of the estate to pay debts, unless he did so under an order of the probate court in course of a regular administration.

That we regard as an open question in the case.    The executor who qualified died within about a year after his qualification,

and letters of administration *de bonis non* were granted to the appellee, who brought this action against the purchaser from the executor, to recover the land by him purchased, to remove cloud from title and to recover rents.

The defendant set up the fact of his purchase, that he paid for the land and that the estate received the benefit of the money paid by him, and he asked, in case his title to the land should not be held good, that the plaintiff be not permitted to secure the land without returning to him the money he paid for it, with interest thereon. He also claimed reimbursement for taxes on the land which he had paid.

There was evidence tending to show that debts against the estate existed at the time the executor sold the land, and that the estate had received the benefit of a greater part of the money paid. The trial resulted in a judgment for the plantiff for the land and for rents.

The court below gave the following instructions:

"Generally when there is a defective or voidable sale of land, and the person in whom the title is receives, himself, the purchase money, he will be required to refund it upon asking for a recovery of the land. But upon the subject of the claim for the return of the purchase money alleged to have been paid by Mayes to Howard, you are instructed that the sale under Schlutter's will, as that instrument has been construed, not being authorized by the power under which it was attempted, but in contravention of its terms, as explained, the defendant made the purchase at his own risk, and the mere payment of the purchase money to one not authorized to sell would not of itself make the estate of Schlutter liable for its return. The receipt and deposit of the money by Howard, or the use of it by him alone, not acting under the authority of the probate court, would not make said estate liable for its return; and if you find these to be the facts, your verdict will simply be for the plaintiff. But if the evidence shows you that the estate of Schlutter *knowingly* received the money paid by Mayes to Howard for the land, and the beneficiaries under Schlutter's will used it for their benefit, then the estate would be liable for its return, and if this has been shown by the evidence, you *can* find a verdict for the defendant for the sum the estate thus received, with interest thereon, and the burden of proving this to your *satisfaction* is upon the defendant in this case." This is assigned as error.

These charges were erroneous. The record shows that the

executor, under the letters testamentary, had the apparent, if not the real power, to do every act which an executor administering an estate, under the provisions of a will, freed from the control of the probate court, may ordinarily do. The appellant is shown to have purchased in good faith, and we know of no rule of law which denies to him the right to recover the money which he paid for the land, in so far as the same may have been applied to the benefit of the estate or the beneficiaries under the will. Knowledge of the source from which the money came is an unimportant fact in the determination of the right of the appellant to have returned to him so much of the purchase money as may have been received by the estate or expended for its benefit.

The equity arises from the fact that the estate has had the benefit of his money, and now seeks to take from him the property for which it was paid. If the appellants were setting up an estoppel their knowledge might become a material fact. Equities, such as the appellant asserts and the charge denies, have been enforced in many cases in which the sale on which the money was paid was void. (Howard v. North, 5 Texas, 316; Herndon v. Rice, 21 Texas, 456; Walker v. Lawler, 45 Texas, 538; Story's Equity, 696, 707.)

If the plaintiff shall recover the land, the defendant is entitled to have the money of which the estate has had benefit, with interest on it, as is he entitled to reimbursement of any money which he has expended for taxes on the land.

These views render it unnecessary to consider any of the other assignments of error.

For the error noticed the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered January 21, 1887.

(Chief Justice Willie not sitting.)