**JARRETT et al. v. ROSS et al.**

No. 13946.

Court of Civil Appeals of Texas.
Fort Worth.

Sept. 29, 1939.

Rehearing Denied Oct. 27, 1939.

W. S. Moore, of Gainesville, for plaintiffs in error.

Cecil Murphy, of Gainesville, for defendants in error.

BROWN, Justice.

Appellants are the heirs of Turner Jarrett and Nancy Jarrett, deceased, and two of such appellants are children of Nancy Jarrett by her first husband, while the remaining appellants are children of Turner and Nancy Jarrett.

They brought suit in the District Court of Cooke County, alleging their status as the children of their said parents, and set forth that the 95-acre tract involved was by Turner Jarrett and Nancy Jarrett conveyed to Fletcher and Soloman Jarrett, by deed duly executed, delivered and filed for record, in the year 1917, long before either of the grantors died. On the theory of the purchase of such tract by them and payment therefor, they allege absolute ownership in them of such 95-acre tract. As to the remaining 50-acre tract involved, all of the children allege that same constituted the community property of the said Nancy and Turner Jarrett, and all of them allege ownership in the undivided one-half interest which was the property of Nancy Jarrett, while the children born to Nancy and Turner Jarrett allege ownership in the undivided one-half interest which was the property of Turner Jarrett.

The suit brought for the recovery of both tracts of land, after setting forth the facts above briefly stated, alleges that the defendants, who are Ancil H. Ross, J. W. Ross and Frank Morris, Jr., are guilty of the following acts concerning such lands: That Ancil H. and J. W. Ross, pretending that the estate of Turner Jarrett, deceased (who died intestate subsequent to Nancy's

death), was due them some debt, did on December 2nd, 1931, cause to be taken out, in the County Court of Cooke County, administration proceedings on the estate of Turner Jarrett, deceased, and procured letters of administration in such cause, and procured and filed an inventory and appraisement of the properties of the estate of the deceased "and fraudulently made to appear that the 95 acres of land * * * was the property of Turner Jarrett, deceased, at the time of his death, when in truth and in fact said land was in no part owned by said Turner Jarrett at the time of his death but was the property of the plaintiffs, Soloman Jarrett and Fletcher Jarrett."

It is further alleged that Ancil H. Ross, the administrator, procured an order from the probate court directing the sale of said tract of land as a part of the estate of Turner Jarrett, deceased, and attempted to sell same to Frank Morris, Jr., as is shown by such administrator's deed, dated June 7th, 1932, and that thereafter Frank Morris, Jr. attempted to sell and quitclaim the said land to J. W. Ross, as appears from the deed executed for that purpose.

It is further alleged that by such proceedings the said Rosses fraudulently undertook to acquire title to the 50-acre tract "both as to the undivided one-half interest thereto which belonged to the said Nancy Jarrett * * * also the other undivided one-half interest * * * owned by the said Turner Jarrett at his death", and on the 14th day of December, 1931, procured "the probate court to grant an order opening the administration of the estate of Turner Jarrett, deceased", and said administrator took the oath as such administrator and made his bond as such and caused to be made and filed an inventory and appraisement of said deceased's estate, whereby it was fraudulently made to appear that the 95-acre tract and the 50-acre tract were the properties of the estate of Turner Jarrett, deceased, "when in truth and in fact, at the time of his death the said Turner Jarrett owned only an undivided one-half interest in and to the said 50.65 acres of land and no more."

It is further alleged that Ancil H. Ross, in furtherance of the fraudulent scheme and design to divest the title to such lands out of the plaintiffs and vest same in himself and his brother, J. W. Ross, on the 15th day of December, 1931, filed in such probate proceedings a purported claim in the sum of $189.15, in favor of Ross Brothers, a firm composed of Ancil H. and J. W. Ross, and procured the approval of such claim on January 29th, 1932, and procured an order from the probate court directing the sale of said two tracts "for the purpose of satisfying the said claim of the defendants, J. W. Ross and Ancil H. Ross, and that he, the said Ancil H. Ross, intended to become and did become the indirect purchaser of all of said lands at his own sale as such administrator of said estate."

It is further alleged that Ancil H. Ross procured the defendant, Morris, to bid at such sale and to pretend to be the purchaser, to pay no consideration therefor, and to thereafter reconvey the lands to Ancil H. Ross and J. W. Ross. That the pretended sale was made, and the said administrator made his report, showing that Frank Morris, Jr., bid and paid the sum of $250 for both said tracts, when such purchaser paid nothing. That a report of such sale was made, and approved by the probate court, and the administrator's deed was then executed to Frank Morris, Jr., and judgment was entered confirming the sale and directing the administrator to execute the deed to the purchaser, which was done, and the deed filed for record in the office of the county clerk of Cooke County, on September 20th, 1932, and thereafter the said Rosses procured Frank Morris, Jr., to convey them the said tracts of land, and in furtherance of their fraudulent scheme said Rosses rendered the property for taxes as their own for the years 1934, 1935 and 1936. That a deed was procured from said Morris to J. W. Ross, but same was intended to be for the benefit also of Ancil H. Ross.

It is alleged that all such deeds constitute a cloud on the title of the several plaintiffs, and they seek the cancellation thereof.

To escape any statute of limitations, they pleaded that they were wholly ignorant of all of such matters until about January 1st, 1936, when they first learned of same, and that they could not have learned thereof by the use of ordinary care before such time.

They further plead that the Ross Bros. debt, if it ever existed, was contracted long after the 95 acre tract was conveyed by Turner and Nancy Jarrett, as above

set forth, and long after the plaintiffs acquired title to an undivided one-half interest in the 50 acre tract.

They allege that there was never a valid claim in favor of Ross Bros. against the estate of Turner Jarrett, deceased. And further, that the judgment in the justice's court, which established such claim, was dormant and would not support a sale.

Recovery of all interest in the two tracts is sought, "and that all clouds created and existing by reason of any proceedings, orders, deeds and conveyances arising out of said administration and on account of the matters and things herein set forth, be cancelled and annulled and held for naught * * * and pray that all deeds and other instruments made and executed and existing by reason of said administration proceedings, which cast any cloud upon their right, title and interest, etc. * * * be cancelled, annulled and held for naught, and in the alternative, they pray that as to the interest of the plaintiffs as set forth in and to the 50 acres of land that a trust be declared in their favor by the defendant, J. W. Ross, or by the defendants, J. W. Ross and Ancil H. Ross, or either of them, jointly and severally, and that the same be cancelled and held for naught and that the title to said lands be vested in the plaintiffs here as their interests may appear and as herein set forth, etc."

Ancil H. Ross and Frank Morris, Jr., disclaimed, and appellee, J. W. Ross, answered by excepting to appellants' petition, (a) because insofar as it relates to the administration of the estate of Turner Jarrett and the sale of the land by the administrator, the cause of action "is barred by the four year period of limitation"; (b) because the 13th paragraph of the petition "is insufficient in law, for a dormant judgment is a valid claim, which an administrator can allow and the county court can approve". The answer further contains a plea of not guilty, a plea in bar setting up the statute of limitations of four years, insofar as the petition relates to the administrator's sale.

The regularity of the probate court proceedings is alleged, and the payment of delinquent and current taxes made on both tracts since same were sold, and prayer is for judgment for such taxes paid, and for establishment of the Ross Bros.' claim, and foreclosure of the tax liens and the claim.

Appellants pleaded again, in replication, that the administration proceedings "were invalid and void because at the time they were had only one pretended debt against the estate of Turner Jarrett was alleged or pretendedly approved and that no necessity existed under the law for said administration, etc."; that the taxes were voluntarily paid by the defendants on the lands as a part of their fraudulent scheme to defraud the plaintiffs.

They further pleaded that the claim filed in the probate court is a nullity and void because it was not properly authenticated, in that it was authenticated by Ancil H. Ross, the administrator.

A jury being had, the court submitted seven issues for determination. To the first the jury found that J. W. Ross did not in good faith believe that Frank Morris acquired and held for him a good title to the lands in controversy, by virtue of the administrator's deed; (2) that J. W. Ross did not in good faith pay the taxes believing that Frank Morris held for him a good title by virtue of said deed; (3) "Do you find from a preponderance of the evidence that it was the intention of Ancil H. Ross and J. W. Ross, or either of them, that Ancil H. Ross was to become a purchaser of any interest in said land by virtue of the administrator's deed or by Frank Morris's deed?" Answer: "Yes"; (4) that Soloman and Fletcher Jarrett did not fail to pay the purchase price of the 95 acres tract to Turner Jarrett; 5 and 6 were not answered because of the answer made to Issue 4; (7) "Do you find from a preponderance of the evidence that Ancil H. Ross became the purchaser either directly or indirectly of any interest in the property sold by him as administrator to Frank Morris?" Answer: "No".

On this verdict the trial court rendered judgment, on the disclaimers of Ancil H. Ross and Frank Morris, and in favor of Soloman and Fletcher Jarrett against J. W. Ross, for title to and recovery of the 95-acre tract, cancelling the administrator's deed and the Morris deed, and in favor of the heirs of Nancy Jarrett and Turner Jarrett, against J. W. Ross, for title to and possession of the 50-acre tract, cancelling the administrator's deed and the Morris deed, but expressly adjudging liens against the two tracts in favor of J. W. Ross, for the taxes paid by him on same, and for the amount of the judgment and claim against the Turner Jarrett estate on an undivided one-half interest in the 50-acre tract, and decreeing a foreclosure of

such liens, but giving the plaintiffs six months within which to pay such judgment and deferring the issuance of a writ of execution until such time.

From this judgment the plaintiffs below have appealed.

■ The first assignment of error asserts: "The court erred in rendering judgment for J. W. Ross for the taxes alleged to have been paid by him on the land involved and in fixing against the land involved a lien to secure the payment of the same, because there was no proper pleading to support such judgment and because there was no proper evidence to support it and because the same was contrary to the findings and verdict of the jury."

This is a distinctly multifarious assignment of error, and its very language embodies three separate and distinct asserted errors. We do not know whether to consider it, or not, under the very liberal views of our Supreme Court.

Considering the assignment of error, we hold that the pleadings of J. W. Ross are sufficient, and that the undisputed testimony supports the judgment.

■ As to the judgment of the trial court being contrary to the findings and verdict of the jury, appellants evidently refer to the answer of the jury to issue No. 2, which issue required the jury to find whether or not J. W. Ross paid taxes on the lands in good faith, believing that Frank Morris held for him a good title by virtue of the administrator's deed. The jury answered "No".

Let us see what was the plaintiff's defense to defendant's claim for taxes paid—simply that the taxes were paid by a volunteer and that the payment thereof was a part of a fraudulent scheme to deprive the plaintiffs of their property.

The plaintiffs did not request and the court did not submit any issue touching upon any such fraudulent scheme.

The trial court evidently concluded that, in the face of the undisputed facts and record, the jury finding should not be considered in arriving at a judgment.

In this we believe the trial court correct. The undisputed evidence shows that in paying the taxes, after the sale made by the administrator, Ross did not act as a volunteer. There was no evidence before the jury tending to show that he was a volunteer. There was no evidence before the jury tending to show that Ross did not pay the taxes in good faith, believing that Morris held a good title for him. All of the evidence is to the contrary.

The trial court did not give and the plaintiffs did not request an issue on the question of Ross being a mere volunteer, when he paid the taxes, both delinquent and current.

Appellants rely upon Johnson v. Caldwell, 38 Tex. 217, but the decision seems squarely against them. The sheriff's sale was decreed to be void, but the court said: " * * * but in Howard v. North, 5 Tex. 290 [51 Am.Dec. 769], the court, in treating a case of this kind, held that where a sale on execution under a valid judgment is void, and the debtor brings suit to recover the property, if there is no fraud on the part of the purchaser he will not be compelled to restore the property, without being reimbursed the amount which he paid, and which went to discharge the judgment. This, too, is an equitable doctrine of the law, and we think should be carried out in this case."

While the quoted opinion has nothing to do with the payment of taxes by a purchaser, it assuredly bears directly on a portion of the judgment appealed from and hereinafter discussed. The case of Elam et al. v. Donald, Adm'r, et al., 58 Tex. 316, cited by appellants, is in harmony with the case first cited.

We do not believe that any of the cases cited by appellants support the 1st assignment of error.

In the case of Halsey et al. v. Jones et al., 86 Tex. 488, 25 S.W. 696, cited by appellants, where a decree of the probate court invested the administrator with title to a certain land certificate and the decree was held void, the Supreme Court, in reversing, in part, the judgment of the Court of Civil Appeals, 25 S.W. 697, cites and quotes from the prior suit of Northcraft v. Oliver, 74 Tex. 162, 11 S.W. 1121, as follows: "But if the property so purchased was at the time of the purchase charged or incumbered with the debt for which it was sold, then, independently of the legal proceedings under which it was sold, we think the rule that the purchase money must be restored before the property can be recovered back by the owner or his heirs does apply."

The court, after such quotation, then said: "In this case the order of the court recognized the claims of the administrator as subsisting debts against the estate, and

they were charges upon the property in his hands for administration. The defendants are therefore entitled to be reimbursed for the amount which was credited upon the claims in the transaction, before the plaintiffs can recover the land. They are also entitled to interest."

The claim of Ross Brothers was presented and approved and ordered paid by the probate court as a charge against the estate of Turner Jarrett, deceased, and the lands ordered sold to satisfy such debt and the costs of the administration proceedings. The record discloses that out of the amount bid at the sale the costs were paid and the balance credited on the debt and claim.

■ Nothing irregular is found in these proceedings. The administrator did not bid at the sale and no one bid for him. That the property was sold to either a creditor, or to a purchaser who took title for a creditor, would not vitiate the sale.

The jury expressly found that Ancil H. Ross, the administrator, did not become the purchaser, either directly or indirectly, of any interest in the property sold by him to Morris.

The answer made to issue No. 3 was disregarded by the court, evidently, because some intention would neither be binding nor material when it was established that the intention was never carried out. But, we wish to say that there is no evidence to support issue No. 3, or the answer made to it.

■ We believe that J. W. Ross had such an interest in the lands as that he should be reimbursed for the payment of taxes assessed against it.

To say the least, under this record, J. W. Ross had a valid and subsisting judgment against Turner Jarrett, and therefore against his estate, which gave him the right to have the lands sold, in the probate proceedings, to satisfy his debt and claim.

The administrator's deed was not absolutely void and, under the soundest theory presented by appellants, was voidable in part, if not in whole.

No cross assignment of error is presented by appellee, but we are inclined to the opinion that the administrator's deed served to convey title to an undivided one-half interest in the 50-acre tract. But appellee is content to accept the judgment of the trial court which recognizes and establishes his debt and claim and establishes a lien against Turner Jarrett's undivided one-half interest in the 50-acre tract to satisfy such debt and claim as against the heirs of Turner Jarrett, and we shall dispose of the case as adjudged by the trial court.

■ The remaining six assignments of error attack the judgment of the trial court in establishing the debt in favor of J. W. Ross (it having been shown that he was the sole owner of same) and fixing a lien against Turner Jarrett's interest in the 50-acre tract to satisfy same.

It is undisputed that J. W. Ross, the creditor, requested Frank Morris, Jr., to purchase the lands for him. Appellants lay great stress upon the fact that Morris paid nothing on his bid, but no effort is made to show that J. W. Ross did not satisfy the bid by paying all of the costs of administration and by crediting the balance on the established claim which he owned and held against the estate of Turner Jarrett, deceased.

Appellants may not be heard at this late date, and in this proceeding, to say that the judgment against Turner Jarrett is not a valid and subsisting judgment, or that the claim, which was made in the probate proceedings, and approved, and allowed, and ordered paid, by the probate court, is not a valid and subsisting claim against the estate of Turner Jarrett, deceased.

We quoted rather freely from the opinion of the Supreme Court in the case of Halsey et al. v. Jones et al., 86 Tex. 488, 25 S.W. 696, wherein the administrator, under order of the probate court, sold to himself property belonging to the estate of the deceased, who was indebted to the administrator, and wherein the court voided the sale and deed, because it was expressly prohibited, but held that the heirs of the deceased could not recover the property and at the same time strip the property of the debt for which it was sold.

Before closing this altogether too lengthy opinion, we cite Mayes v. Blanton, Adm'x, 67 Tex. 245, 3 S.W. 40, 41, wherein our Supreme Court said: "If the plaintiff shall recover the land, the defendant is entitled to have the money of which the estate has had the benefit, with interest on it, as is he entitled to reimbursement of any money which he has expended for taxes on the land."

No evidence was adduced even tending to show that the purchaser of the lands, in the instant suit, acted in bad faith. The probate proceedings appeared to be and were regular, and it appeared that the administrator had the authority to sell. No attack was made on the sale as being for a grossly inadequate price, nor was any collusion attempted to be shown between the administrator and the purchaser which might affect the sale.

To use an everyday expression, by appellants' contention here they want "to eat their cake and save it too". This they cannot do.

The assignments of error are overruled, and the judgment of the trial court is affirmed.