**ROSS et al. v. JARRETT et al.**

No. 14143.

Court of Civil Appeals of Texas.
Fort Worth.

Nov. 29, 1940.

Rehearing Denied Jan. 10, 1941.

See, also, Tex.Civ.App., 140 S.W.2d 483.

Cecil Murphy, of Gainesville, for plaintiff in error.

W. S. Moore, of Gainesville (Phillips, Trammell, Estes, Edwards & Orn, of Fort Worth, of counsel on appeal), for defendants in error.

BROWN, Justice.

This suit presents another chapter in the litigation begun by defendants in error against plaintiff in error, J. W. Ross, and

two other parties, namely, Ancil H. Ross and Frank Morris, Jr.

The first chapter is concluded with the opinion of our Court, as published in 132 S.W.2d 286–291, and the action of our Supreme Court in dismissing an application for a writ of error from our judgment with the notation: "Correct judgment."

We shall take cognizance of the judgment heretofore rendered by us in so far as it affects any phase of the instant suit.

In the prior suit the Jarretts and Jarrett heirs recovered title to the 95-acre tract and the 50-acre tract as against the defendants, the Rosses and Morris, Jr., and expressly cancelled the deed executed by the administrator to Morris and the deed executed by Morris to J. W. Ross, and removed the cloud cast upon plaintiffs' title by reason of the execution and recording of such deeds, but said judgment expressly fixed a lien against an undivided one-half interest in the 50-acre tract to secure the payment of an indebtedness owed by Turner Jarrett, deceased, on whose estate an administration was had and through which a sale of both tracts of land was made, to satisfy such indebtedness (and taxes paid by Ross), and expressly fixed a lien against both tracts to secure the payment of the taxes, delinquent and current, that were paid by Ross on same.

The trial court, in an effort to deal kindly with the plaintiffs, expressly stayed execution and order of sale for six months.

The plaintiffs below, who are the plaintiffs in the instant suit, appealed because they thought they were awarded insufficient relief and we affirmed the judgment of the trial court. Jarrett et al. v. Ross et al., Tex.Civ.App., 132 S.W.2d 286, writ dismissed—correct judgment. The judgment of the trial court, so affirmed by us, is dated November 27, 1937. The judgment in the instant case seems to have been rendered May 8, 1939.

Defendants in error (plaintiffs below) pleaded, in substance, the identical allegations that they set up in the former suit, with respect to the title to the property, the complaints as to the administration had upon the estate of Turner Jarrett, deceased, its invalidity, etc., and the same complaints as to the sale of the properties to Morris and his conveyance to J. W. Ross and said Ross' lack of good faith in respect to the title and in respect to his

paying the delinquent and current taxes, and that no consideration passed at the administrator's sale, and then the pleading alleges that the recording of the said deed cast a cloud upon their titles and prevented them from selling an oil and gas lease on the lands and from selling a portion of their royalty, for all of which they prayed recovery of damages.

The petition alleges that the acts of the defendants were done with malice, but just before the cause was tried, they, in writing, withdrew all allegations of malice, and in writing declared that they sought only actual damages occasioned by the wrongful clouding of their titles by the defendants, and in this writing they assert that they decline to read to the jury the abandoned allegations.

We confess that never before have we seen such a procedure as was had in this suit. Instead of requiring the plaintiffs to replead and eliminate the allegations that they say they are abandoning, the trial court permitted them to file the following pleading: "Come now the defendants and before the pleadings are read to the jury in the above-styled and numbered cause, and expressly abandon their pleading and prayer for exemplary damages, and expressly abandon their allegations that the acts of the defendants and each of them were malicious, and expressly decline to read and present to the jury all their allegations that the acts of the defendants and each of them were maliciously done and expressly decline to read to the jury their allegations and prayer for exemplary damages and expressly present to the jury by their pleadings only their allegations as to the wrongful clouding of their title to the lands involved, and expressly present to the jury only their plea and prayer for actual damages herein, which said abandonment was expressly permitted by the court, this the 1st day of May, 1939."

The fact still remains that the petition on which the plaintiffs went to trial is in the record, intact, with nothing stricken from it, and with the many allegations that import malice, as well as allegations expressly charging malice.

What was read to the jury, as constituting the plaintiffs' pleading, this court does not and cannot in the very nature of these unheard-of proceedings know, but we feel that the cause should have been tried on amended pleadings that actually show the very allegations on which the

plaintiffs wish to stand. In no other way can a trial court know what issues are sought to be raised and an appellate court is in no better position than the trial court under such circumstances.

We find that the plaintiffs not only pleaded the judgment in the former suit as a part of their cause of action here, but they introduced the judgment obtained in that cause as a part of their evidence.

In an effort to defeat the pleas of limitations that were set up by the defendants below, the plaintiffs, in their amended pleadings, alleged that they were not negligent in discovering that their titles had been clouded and pleaded ignorance and no want of diligence on their part.

A jury having been demanded, no issue touching upon malice was requested by the plaintiffs and no issue on the question of diligence on the part of the plaintiffs in discovering that their titles had been clouded and in bringing their suit for damages was requested, or given.

Plaintiffs below pleaded that they had made a tentative sale of an oil lease on the properties to one McCullough, which sale was lost because of the cloud cast upon their titles by the defendants. They pleaded no other prospective sale but merely alleged that they could have sold a lease to other unnamed parties. They pleaded a loss of sale of royalty, but alleged no certain would-be purchaser. They pleaded that they could have sold the lease to McCullough at $35 per acre, and that the royalty was of like value per acre.

The verdict of the jury absolved Ancil H. Ross and Frank Morris, Jr., of all damages, and the jury found that McCullough was willing to buy the lease but was unable to pay for it, and found that the plaintiffs would have sold one-half of their royalty but for the cloud on their titles and that they could have sold an oil lease on the properties to some other person than McCullough, and found the reasonable value of the lease at $35 per acre, and the value of the royalty the same.

On this verdict the trial court rendered judgment for the plaintiffs against J. W. Ross for $35 per acre, bottomed on the value of the lease, and for $17.50 per acre bottomed on the value of one-half of the royalty.

J. W. Ross complains of this judgment and presents twenty-three assignments of error, but we do not believe it is necessary to discuss all of them.

We see no difference between the clouding of the title as is alleged to have been done in this suit and the clouding of the title by the levying of an attachment writ as was done in Farmers & Merchants National Bank et al v. Williams et ux., 133 Tex. 554, 129 S.W.2d 268, and the clouding of the title by abstracting of a judgment, as was done in First Nat. Bank v. Moore et ux., Tex.Civ.App., 7 S.W.2d 145, writ dismissed, in so far as the recovery of damages is concerned.

In the case of Farmers & Merchants Nat. Bank v. Williams [133 Tex. 554, 129 S. W.2d 269], our Supreme Court said: "In order that liability may be imposed for the levying of a writ of attachment, which prevents a sale of the property levied upon, the burden rests upon the one asserting such liability to allege and prove that a deal for the sale was pending at the time when the attachment was levied, or that the one having such attachment levied had knowledge that a trade or sale was about to be made, and also that if such levy had not been made the trade or sale would have been consummated."

No such case was made in the record before us. On the other hand the jury found that the only prospective buyer, whom the plaintiffs allege they had, was not financially able to pay for the lease.

Such finding precluded the plaintiffs from recovering a judgment on the verdict, in our opinion, and the seventh and eighth assignments of error are sustained.

The plaintiffs can find no comfort in the finding made by the jury to special issue No. 5, as follows: "No. 5: Do you find from a preponderance of the evidence that if the Administrator had not executed a deed to the property involved in this suit the plaintiffs would have been able to have sold an oil and gas lease on said property in 1936 to some person other than R. C. McCullough? Answer, 'Yes'."

The defendants made timely objections to the giving of this issue and present their ninth assignment of error, complaining of the giving of such issue over their objections.

The objections that the "issue is immaterial and irrelevant * * * because the plaintiffs could only recover on the loss of a bargain or sale actually con-

tracted * * * because the same is speculative and such issue would require nothing more certain than a mere guess on the part of the jury", are well taken and should have been sustained.

The ninth assignment of error is sustained.

We are not convinced that this is a suit in which the plaintiffs cannot recover unless they plead and prove malice upon the part of the defendants in clouding their titles.

It appears that actual damages have been allowed where one wrongfully clouds another's title, even where there is an absence of malice. Smith v. Taylor, 34 Tex. 589; First Nat. Bank v. Moore, Tex.Civ.App., 7 S.W.2d 145, writ dismissed.

This is not a suit to remove a cloud from the title and to recover consequent damages.

Suit to remove the cloud had long since been brought and a final judgment recovered awarding that relief, when the instant case was tried.

No damages were sought in the first suit, and whether or not the judgment in that cause is res adjudicata of any claim for damages is not before us for review.

But of one thing we are convinced, viz.: that if these plaintiffs can state a cause of action without alleging malice— as they by their eleventh hour "abandonment of certain allegations" declare they desire to do—they should be required to replead so as to eliminate all allegations expressly setting forth malice and all that import malice.

Having pleaded their suit and judgment in "cause No. 12,438" (which judgment was affirmed as noted by us supra), the plaintiffs were entitled to introduce such judgment in evidence. It was final as to the defendants who did not appeal, and the plaintiffs merely appealed from the relief that was given defendants—more especially that on the cross-action.

But having pleaded such judgment, the plaintiffs must be bound by the terms of the judgment.

That judgment disposes of issues and allegations that are sought to be repeated and repleaded in the instant suit, and this should not be allowed. Instead of the voluminous pleading with which the trial court and this court have been confronted, a simple statement of the transactions, without charging bad faith and malice, but simply showing that bottomed on a claim against the estate of Turner Jarrett, the defendants acted as they did; that such acts caused a cloud to be placed upon their titles; that such cloud was removed through a suit by them, and their consequent damage, states such case as they may plead, as is reflected by the record before us.

Following the lead of our Supreme Court, we do not here, in this record, find an insuperable barrier to a recovery by the plaintiffs.

We do not believe the case was fairly and properly presented and tried.

The plaintiffs have not appealed from the judgment in favor of Ancil H. Ross and Frank Morris, Jr., and the judgment as to them is by us undisturbed.

The judgment awarding damages as against J. W. Ross is reversed and the cause remanded.