ESTATE OF CHARLES J. WYLY, SR., FLORA E. WYLY, INDEPENDENT EXECUTRIX, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 8781–75. Filed November 15, 1977.

*Gene E. Ford,* for the petitioner.
*Robert M. Smith,* for the respondent.

OPINION

HALL, *Judge:* Respondent determined a deficiency in petitioner's Federal estate tax in the amount of $8,660.04. Decedent and his wife made gifts of their community interests in various corporate stocks to an irrevocable trust, the income from which was payable periodically to decedent's wife. The sole issue is whether the value of such gifts is includable in his gross estate, in whole or in part, under section 2036(a)(1).[1]

All of the facts have been stipulated and are so found. Those necessary to an understanding of this case are as follows:

Charles J. Wyly, Sr. (decedent), resided in Dallas, Tex., prior to his death on June 17, 1972. Decedent's wife, a resident of Dallas, Tex., was subsequently appointed executrix of decedent's estate.

On March 3, 1971, decedent and his wife created an irrevocable trust and transferred shares of corporate stock held as community property to the trust. The fair market value of decedent's one-half interest in these shares at death was $46,388.66. The trust agreement provides that all of the income is to be periodically distributed to or for the benefit of decedent's wife during her lifetime, and upon her death the trust property is to be divided into equal trusts for the benefit of the grandchildren. During the wife's lifetime the trustees have the discretionary right to invade the trust corpus for her benefit, and the wife has the right to withdraw up to $5,000 of trust corpus annually.

On the Federal estate tax return filed on behalf of decedent's estate, no portion of the value of the stocks transferred to the trust was included in decedent's gross estate. Respondent in his statutory notice determined that the entire fair market value of decedent's one-half interest in the stocks was includable in decedent's gross estate under section 2036(a)(1).

---

[1] All statutory references are to the Internal Revenue Code of 1954, as in effect at the time of decedent's death.

Respondent contends that decedent retained for a period which did not in fact end before his death the right to the income from the transferred stocks. If decedent did retain such a right, then all or a portion of the value of the transferred stock is includable in his gross estate under section 2036(a)(1).[2]

In *Estate of Castleberry v. Commissioner*, 68 T.C. 682 (1977), we held that where a decedent retains a right to the income from transferred property by operation of State law (rather than through an agreement, prearrangement, or understanding), he has retained a right to the income from the transferred property within the meaning of section 2036. in that case, the donor-husband transferred directly to his wife (not to a trust for her benefit) his community interest in various bonds. By reason of Texas law, the donor in *Estate of Castleberry* retained a community property interest in the income generated by the transferred property. We held that the donor-husband's community property interest in the income from the transferred property required inclusion of a portion of the transferred property in his gross estate under section 2036(a)(1).

In the instant case, as in *Estate of Castleberry*, decedent did not retain a right to the income from the transferred property by any agreement, prearrangement, or understanding. The only difference between the facts here and those in *Estate of Castleberry* is that here decedent transferred his community property interests in certain stocks to a *trust*, the income from which was payable to his wife, while in *Estate of Castleberry* the donor-husband transferred *directly* to his wife his community interest in various bonds. We therefore must decide whether under Texas law decedent retained a community property interest in the trust income distributions. More particularly, we must decide whether the income distributions from the trust were community property or separate property. If they were community property, then *Estate of Castleberry* is controlling

---

[2]Sec. 2036(a)(1) provides in part:

(a) GENERAL RULE.—The value of the gross estate shall include the value of all property to the extent of any interest therein of which the decedent has at any time made a transfer (except in case of a bona fide sale for an adequate and full consideration in money or money's worth), by trust or otherwise, under which he has retained for his life or for any period not ascertainable without reference to his death or for any period which does not in fact end before his death—

(1) the possession or enjoyment of, or the right to the income from, the property, or * * *

and either all or part of the value of the transferred property is includable in decedent's gross estate under section 2036.

Petitioner first asserts that the income distributions were not community property but were the separate property of the wife. In support of this contention, petitioner argues that decedent did not make a gift of the stocks to his wife, but rather, made a gift of the income derived from the stocks to his wife. Petitioner therefore concludes that, since the income was the item given to the wife, the income was her separate property under Texas law. We disagree.

Contrary to petitioner's assertion, it is well settled that for Federal tax purposes decedent's gift of the trust income created in his donee-wife an equitable interest in the trust corpus and that equitable interest, and not the right to the trust income, was the subject matter of decedent's gift. *Irwin v. Gavit*, 268 U.S. 161, 167 (1925); *Commissioner v. Wilson*, 76 F.2d 766 (5th Cir. 1935). While the equitable interest in the trust corpus constitutes the donee-wife's separate property, under Texas law the income distributions from that corpus were during decedent's lifetime the community property of decedent and his wife. *Commissioner v. Wilson, supra; Matter of Marriage of Long*, 542 S.W. 2d 712, 718 (Tex. Civ. App. 1976); *Mercantile National Bank at Dallas v. Wilson*, 279 S.W. 2d 650, 654 (Tex. Civ. App. 1955).[3]

Petitioner also contends[4] that the income after distribution to the wife became her separate property by reason of the action of the spouses so that decedent should not be deemed to have held a community share therein. However, the general community property principles of Texas law support the opposite conclusion. Generally, under Texas law a husband and wife cannot by mere agreement change the character of their property so as to convert community property to separate property or separate property to community property. *Gorman v. Gause*, 56 S.W.2d

---

[3] In his concurring opinion in *Commissioner v. Estate of Hinds*, 180 F.2d 930, 932 (5th Cir. 1950), Judge Waller indicates that under Texas law income distributions from a trust may constitute separate property where the trust agreement in the most precise and definite language so provides. These comments were based on Texas case law as it existed prior to the decisions in *Matter of Marriage of Long*, 542 S.W.2d 712 (Tex. Civ. App. 1976) and *Mercantile National Bank at Dallas v. Wilson*, 279 S.W.2d 650 (Tex. Civ. App. 1955).

See also 3 Simpkins, Texas Family Law, sec. 15:42, pp. 102–105 (Speer's 5th ed. 1976).

[4] This contention is made obliquely rather than directly.

855 (Tex. Comm. App. 1933); 3 Simpkins, Texas Family Law, sec. 16:3, p. 180 (Speer's 5th ed. 1976). Further, an agreement between a husband and wife that future earnings of either spouse shall be his or her separate property is without legal effect. *Robbins v. Robbins,* 125 S.W.2d 666 (Tex. Civ. App. 1939); 3 Simpkins, *supra* sec. 22:12 at 429. Property once acquired by one spouse can be given to the other spouse. Thus, the parties' actions and dealings with respect to property already acquired may support a finding of a gift of the property shortly after the property was acquired. See *Texas Building & Mortgage Co. v. Rosenbaum,* 159 S.W.2d 554, 557 (Tex. Civ. App. 1942).

We conclude that whether or not the income distributions from the trust corpus were converted into the wife's separate property after distribution by reason of the actions and dealings of decedent and his wife, the trust income distributions were community property at the time of distribution.[5] *Commissioner v. Wilson, supra; Matter of Marriage of Long, supra; Mercantile National Bank at Dallas v. Wilson, supra.* As a result decedent retained an income interest in the gifted property for his lifetime.

Petitioner next asserts that even if the trust income distributions are community property under Texas law, "Whatever rights the decedent had were indeed hollow, *de minimus* (sic) and without the scope of section 2036, I.R.C." In support of this assertion, petitioner first argues that because the trustees could invest the trust corpus in non-income producing property and because they possessed the authority to make distribution of income for her maintenance and support, decedent did not retain enjoyment of the income. We think that petitioner's reliance on these factors is misplaced. First, under section 2036 retention of the right to the income is the factor which will trigger inclusion of the transferred property in a decedent's gross estate. Whether a decedent actually receives such distributions or whether investment is made in income-producing property is immaterial as long as a right to the income exists. See *McNichol's Estate v.*

---

[5]Petitioner also contends that in order for the stocks to be the wife's separate property under Texas law, (Tex. Fam. Code Ann. tit. 1, sec. 5.21 (Vernon 1975)), she must have sole management, control, and disposition of the stock. Petitioner argues that the trustees were given all of the above powers and as a consequence the trust corpus was "something less than" the wife's separate property. Petitioner cites no authority for this proposition, and in view of our conclusion that the wife had an equitable interest in the trust corpus which was separate property, we must reject petitioner's contention.

*Commissioner,* 265 F.2d 667, 671 (3d. Cir. 1959). Furthermore, petitioner's contention that the trustees could have distributed the trust income for the support and maintenance of the wife without benefiting decedent overlooks the fact that distributions for the support and maintenance of the wife also benefit the community. Moreover, any portion of the trust income not distributed for her support was required under the trust instrument to be distributed to her, and she would have held one-half of the distribution in a fiduciary capacity for decedent's benefit. *Estate of Castleberry v. Commissioner,* 68 T.C. 682 (1977).

Petitioner next asserts that under Texas law decedent's right to the trust income was so limited that it does not constitute a retained right to the trust income within the meaning of section 2036. In *Estate of Castleberry v. Commissioner, supra,* we addressed the identical issue and, after an exhaustive analysis of the laws of Texas, held that the decedent's community property right to income from his wife's separate property "was not illusory, but an enforceable right sufficient to require inclusion of a portion of the transferred property in his gross estate under section 2036(a)(1)." We adhere to our conclusion in *Estate of Castleberry.*

The next question we must decide is whether one-half or the entire value of decedent's one-half community interest in the transferred stocks should be included in his gross estate under section 2036. In *Estate of Castleberry v. Commissioner, supra,* the husband-decedent transferred directly to his wife his community one-half interest in certain bonds. The transferred interest became her separate property and under Texas law the income therefrom was community property, one-half of which would be includable in his gross income for Federal income tax purposes. The wife had made no transfer at all, but simply retained her own one-half community interest. However, the husband's transfer transmuted the wife's community one-half interest into separate property, so that until the earliest of his death, her death, the dissolution of their marriage, or her departure from Texas, one-half of the income from that property would also be includable in his gross income. In *Estate of Castleberry v. Commissioner, supra,* respondent, relying on *In re Estate of Bomash,* 432 F.2d 308 (9th Cir. 1970), revg. 50 T.C. 667 (1968), contended that all of the decedent's community share

(one-half of the whole) was includable in the decedent's gross estate. Respondent's theory was that since the transfer automatically divided the community property and caused the husband to acquire a one-half interest in the income from his wife's half, together with a one-half interest in the income from his own half, the net effect of the transfer was a reservation of a life estate in the one-half community interest which he had transferred. In *Estate of Castleberry* we rejected this analysis because there, unlike *Estate of Bomash*, the wife had made no transfer. We therefore concluded that it was inappropriate to invoke the reciprocal trust doctrine of *United States v. Estate of Grace*, 395 U.S. 316 (1969). It was true that under Texas law the very act of transfer to the wife of the husband's community share caused the wife's half to become separate property and created certain rights to the income from the wife's half in the husband. However, the wife had made no transfer of her half interest and the law makes no provisions for includability in a decedent's estate of a life interest in property which did not arise from a direct or reciprocal transfer by the decedent. Consequently, in *Estate of Castleberry* we held includable only one-quarter of the whole in decedent's estate.

In this case, by contrast, the wife did make a transfer into the trust of her community share. At the same time that the husband gave her a one-half life interest in the income from his share of the community, she gave him under Texas law a one-half interest in the income from her share. We cannot validly distinguish this case from *United States v. Estate of Grace*, 395 U.S. 316 (1969). In that case it was held that, regardless of the presence of tax-avoidance purposes or bargained-for consideration, reciprocal transfers by spouses who created crossed life estates in each other would be treated as transfers with retained life estates. The only significant difference between *Estate of Grace* and the present case is that in *Estate of Grace* the reciprocal life estates were expressly created, while here they were created by operation of Texas law. In view of the pragmatic rationale of *Estate of Grace*, this distinction appears immaterial. We hold, therefore, that the decedent's gross estate included his full community one-half of the property transferred in trust for the benefit of his wife.

The petitioner relies on *Estate of Hinds v. Commissioner*, 11 T.C. 314 (1948), affd. on other grounds, 180 F.2d 930 (5th Cir.

1950). This case, however, was decided before *Estate of Grace* and does not discuss the application to the present facts of the reciprocal trust doctrine. To the extent its reasoning is inconsistent with the Supreme Court's teaching, we can no longer adhere to it.

*Decision will be entered under Rule 155.*

