THE FARMERS & MERCHANTS NATIONAL BANK OF NOCONA, TEXAS, ET AL V. W. P. WILLIAMS ET UX.

No. 7435. Decided June 14, 1939.
Rehearing overruled July 26, 1939.
(129 S. W., 2d Series, 268.)

*Benson & Benson,* of Bowie, and *Cantey, Hanger, McMahon, McKnight & Johnson,* of Fort Worth, for plaintiffs in error.

In the absence of proof of a sale consummated at the time of the levy of the attachment, and in the absence of notice brought home to attaching creditors of negotiations for a sale prior to the levy of attachment, an essential element of a cause of action for wrongful attachment is lacking. Tsesmelis v. Sinton State Bank, 53 S. W. (2d) 461; Hoover v. First Natl. Bank of Port Lavaca, 192 S. W. 1149; 5 Tex. Jur., Attachments, sec. 108.

*W. H. Slay* and *Robert Harrison,* both of Fort Worth, for defendants in error.

To create a cause of action against a wrongdoer there must be an injury, even though a nominal one. 17 R. C. L. 763; American Ind. Co. v. Ernest & Ernest, 106 S. W. (2d) 763; Deaton v. Rush, 113 Texas 176, 252 S. W. 1025.

MR. JUSTICE SHARP delivered the opinion of the Court.

W. P. Williams and wife brought this suit against The Farmers & Merchants National Bank of Nocona, Texas, and C. A. McCall and A. D. Lunn, to recover damages on the ground

that the bank caused to be issued a writ of attachment, and had same levied upon certain real property, which was claimed to be the separate property of Mrs. Williams. After the conclusion of the evidence the trial court gave the jury a peremptory instruction to return a verdict for plaintiffs in error. Judgment was entered accordingly. An appeal was taken to the Court of Civil Appeals, and the judgment of the trial court was reversed and the cause remanded for another trial. 116 S. W. (2d) 787.

Plaintiffs in error contend, among other things, that the Court of Civil Appeals erred in holding that the evidence was sufficient to raise the issue of a valid sale at the time of the levy of the attachment, and as there was no evidence of notice having been brought to the plaintiffs in error of the negotiations for such sale, the trial court properly instructed a verdict in favor of the plaintiffs in error.

On account of the view we take of this case as presented by the record, it becomes unnecessary to decide the other questions presented. We shall confide our considerations solely to the question above stated.

We quote from the opinion of the Court of Civil Appeals the following statement:

"The suit out of which the attachment writ grew was one against J. W. Lehman and his wife, Florence Lehman. After the suit was filed, Mr. and Mrs. Lehman were divorced, and Mrs. Lehman is now Mrs. W. P. Williams, one of the appellants. The levy was made under the writ on August 31st, 1929. Appellants alleged, and introduced testimony supporting such allegation, that they entered into a common law marriage on or about August 26th, 1929, which was prior to the levying of the writ aforesaid.

"The defendants pleaded the statutes of limitation of both two and four years, and urged certain demurrers and exceptions to the plaintiffs' original petition."

We copy from the writ of attachment complained of the following:

"To The Sheriff or any Constable of Tarrant County, Greeting:—

"You are hereby commanded that you attach, forthwith, so much of the property of J. W. Lehman, if to be found in your county, repleviable on security, as shall be of value sufficient to make the sum of $14,066.25 and the probable costs

of suit to satisfy the demands of the Farmers & Merchants National Bank of Nocona, Texas, * * *."

The evidence bearing upon this point is indefinite and meager. Mrs. Williams was the former wife of J. W. Lehman. They were divorced, and she entered into a common law marmiage at El Paso, on August 26, 1929, with W. P. Williams. Mrs. Williams had negotiations with Hofues, a real estate dealer, to sell him this property for several months prior to the levy of the attachment. He wanted her to accept stock in an apartment house for the purchase price, and finally she and Hofues agreed on a sale price of $12,500. At the time she claims to have agreed on a price with Hofues for the land she and Mr. Williams were married. No written contract was entered into, and such agreement of sale was reached only two or three days before the levy of the writ. The record also shows that this property was declared to be the separate property of Mrs. Williams, and also constituted her homestead. Williams was not a party to the agreement to sell to Hofues, and there was no communication between Hofues and Williams with respect to this sale. Mrs. Williams testified that they were to have a contract as soon as Hofues finished some other business details. She never furnished Hofues with an abstract of title to this property, nor had he ever examined an abstract of title to same. Upon the levy of the attachment, Mrs. Williams telephoned Hofues and told him that "she couldn't complete the deal at this time on account of this attachment." No showing was made that Mrs. Williams was in position otherwise to pass title to Hofues. No attempt was made to show that the bank or any of its officers had any knowledge of any negotiations between Mrs. Williams and Hofues.

■ Mrs. Williams claimed the property levied on as her homestead. It is undisputed that her possession or occupancy of such property was never disturbed. Such a levy upon her homestead was a nullity, created no lien thereon, and damages for such levy cannot be recovered, because Mrs. Williams was never disturbed in the possession or enjoyment of such property, nor were her rights therein affected. First National Bank of Littlefield v. Cooper, 12 S. W. (2d) 271 (writ refused), and cases cited.

■ The decisions sustain the general rule that an ordinary levy of attachment upon real estate will not authorize a recovery of damages. Tsesmelis v. Sinton State Bank et al. (Com. App.), 53 S. W. (2d) 461, 85 A. L. R. 319; Trawick v. Martin-

Brown Co., 79 Texas 460, 14 S. W. 564; 5 Tex. Jur., p. 269, sec. 108, and cases cited in footnotes. However, an exception is made to the general rule, and a recovery may be had for such a levy, if wrongful, where it is shown that the levy was the proximate cause of defeating an advantageous sale of the property and the real estate subsequently depreciated in value. 5 Tex. Jur., p. 269, sec. 108, and cases cited in the footnotes.

■ In order that liability may be imposed for the levying of a writ of attachment, which prevents a sale of the property levied upon, the burden rests upon the one asserting such liability to allege and prove that a deal for the sale was pending at the time when the attachment was levied, or that the one having such attachment levied had knowledge that a trade or sale was about to be made, and also that if such levy had not been made the trade or sale would have been consummated.

■ The burden rested upon the defendants in error to show that there was a binding and enforceable contract for the sale of this property. The testimony shows that the property offered for sale was the separate property of Mrs. Williams, and constituted her homestead. Mr. and Mrs. Williams were married at the time of the purported sale to Hofues. Mr. Williams was not a party to the agreement, which was purely oral, to sell such property to Hofues; nor does it appear that there was any communication between Mr. Williams and Hofues with respect to such sale. In the event of the consummation of such a sale, the law specifically requires that the husband join the wife in the conveyance. See Articles 4614 and 4618, Revised Civil Statutes of Texas. The purpose of the law is to give the wife the benefit of the advice and judgment of her husband in disposing of her separate estate, and the law clearly provides that he is a necessary party to any valid conveyance of such property.

■ There is no contention made that the testimony in any manner invokes the exceptions described in Articles 4617 and 4618, in which it is provided that the wife may convey her separate property without the joinder of her husband. It is undisputed that Mrs. Williams never furnished Hofues with an abstract of title to this property, nor had he ever examined an abstract of title to same; and it is not definitely shown that Hofues would have accepted the title to such property, or that the sale thereof would have been consummated if the writ of attachment had never been levied.

Even when considering most favorably for defendants in

error all the testimony introduced in this case, we are unable to find any definite testimony which would support a judgment against plaintiffs in error for the prevention of the consummation of the sale of this property on account of the attachment proceedings. It therefore becomes unnecessary to discuss the other questions raised.

The trial court correctly instructed the jury to return a verdict for the plaintiffs in error, and the Court of Civil Appeals erred in reversing and remanding this cause for another trial. Therefore the judgment of the Court of Civil Appeals is reversed, and the judgment of the trial court is affirmed.

Opinion delivered June 14, 1939.

### ON REHEARING.

In our original opinion, which is printed in (this volume, p. 554) 129 S. W. (2d) 268, we made the statement that the property involved in this cause constituted the homestead of Mrs. Williams. In a motion for rehearing, counsel for Mrs. Williams call our attention to the fact that this statement is inaccurate. While the statement does not form the basis for the conclusions reached in the original opinion, yet, in order to make such opinion conform to the record, we gladly correct such statement.

With this explanation, the motion for rehearing is overruled.

Delivered this July 26, 1939.