ESTATE OF NINA M. CAMPANARI, CHRISTOPHER C. CAMPANARI AND ESTELLA MARESI, EXECUTORS, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 4384. Promulgated July 23, 1945.

*Donald J. Marran, Esq.*, for the petitioner.
*Clay C. Holmes, Esq.*, for the respondent.

OPINION.

ARUNDELL, *Judge*: The first problem before us concerns the includibility in the decedent's gross estate, under the provisions of section 811 (c) of the Internal Revenue Code, of the value of a one-third interest in the trust created by the decedent and others in 1923. By the terms of the trust instrument at least four-fifteenths of the income was to be paid over to decedent during her lifetime. If either of the other primary beneficiaries had predeceased the decedent and had left no living issue or descendants, the decedent would have been entitled to a greater percentage of the trust income during the remainder of her life.

The respondent makes no contention that the value is to be included in the estate by reason of the retention of the income during the decedent's life. We think it is clear that nothing is includible on that ground. The trust was created prior to the Joint Resolution of March 3, 1931, and is not, by reason of such retention, a transfer intended to take effect in possession or enjoyment at or after death. *May* v. *Heiner*, 281 U. S. 238; *Hassett* v. *Welch*, 303 U. S. 303; *Estate of Edward E. Bradley*, 1 T. C. 518; aff'd., 140 Fed. (2d) 87. The respondent's inclusion of the one-third interest in the corpus of the trust is predicated on the argument that the transfer was intended to take effect in possession and enjoyment at or after death because of the existence of a possibility of reverter. Although the respondent admits that the possibility of reverter was remote, he argues that the question of remoteness is no longer a consideration since the decisions of the Supreme Court in *Fidelity-Philadelphia Trust Co. (Stinson)* v. *Rothensies*, 324 U. S. 108, and *Commissioner* v. *Estate of Lester Field*, 324 U. S. 113.

Under the terms of the trust indenture the corpus was to be distributed at the death of the survivor of the decedent and her brother, Pompeo. The gift of the remainder was absolute and unconditional. The decedent reserved no power of appointment, either contingently or otherwise, nor did she hold any strings by which the corpus could be drawn back to her or her estate. At all times during the existence of the trust remaindermen were in being, were known, and were able to take should the trust terminate. At the death of decedent Estella was able to take her proportionate part of the trust corpus and the three living children of Pompeo, one of whom had two living children, were able to take the balance. The instant case is clearly distinguishable from the *Fidelity-Philadelphia Trust Co.* case, *supra*, because in that case the grantor reserved a power of appointment. See *Commissioner* v. *Irving Trust Co.*, 147 Fed. (2d) 946, and *Estate of Harris Fahnestock*, 4 T. C. 1096. Here the gift was not intended to take effect in possession at death, since the grantor intended to dispose

completely of her interest in the corpus in her lifetime, and the fact that the death of decedent may have put an end to a remote possibility of reverter does not warrant the inclusion of one-third of the value of the trust property in the decedent's gross estate. *Frances Biddle Trust*, 3 T. C. 832; *Estate of Harris Fahnestock, supra.*

We have found that the fair market values of the parcels of real estate were $20,000, $3,000, $75,000, $275,000, and $175,000. Petitioner's witness, a New York real estate dealer of many years' experience, testified that in his opinion the above sums represented the fair market values of those properties. The respondent offered no evidence. We are satisfied that the witness's testimony warrants our conclusion that the respondent erred in increasing the values of the parcels in question. See *Bryant* v. *Commissioner*, 76 Fed. (2d) 103; *Bonwit Teller & Co.* v. *Commissioner*, 53 Fed. (2d) 381.

The main valuation problem has to do with the fair market value of the decedent's undivided one-third interest. The respondent has determined that the value of such interest is one-third of the value of each parcel. Petitioner, on the other hand, contends that the decedent's interest is less than the proportionate value of the whole and asks for a reduction of 12½ percent.

Petitioner's witness testified that it was a common practice in the New York real estate market, in appraising real estate, to deduct a percentage on an individual fractional interest. The reason for such discount was that a purchaser of such minority interest subjected himself to the wishes of the other owners and he had no control in the management, operation, or leasing of the properties. He testified that in his experience it was hard to find a buyer for an undivided fractional interest in New York and that purchasers were interested in buying minority interests only when they could obtain all of the fractional interests making up the whole parcel. The witness stated that he had tried on five or six occasions to sell fractional interests in real estate, but had not been able to obtain offers to buy except at high discounts which the owners had refused to accept. He testified that in his opinion the fair market value of decedent's interest was 12½ percent less than the proportionate value of the entire parcel.

The New York authorities recognize that it is proper to make a deduction in valuing an undivided fractional interest in real estate for inheritance tax purposes. *In re Gibert's Estate*, 163 N. Y. S. 974; *In re Loeb's Estate*, 164 N. Y. S. 592; and *In re Turner's Estate*, 222 N. Y. S. 645.

We think the material evidence supports a conclusion that the fair market value of decedent's interest was less than the proportionate value of the whole parcel and that a reduction of 12½ percent is reasonable. The instant case is not unlike *William Rhinelander*

*Stewart*, 31 B. T. A. 201, where we approved a 15 percent discount, and we think a similar ruling should be applied here.

Reviewed by the Court.

*Decision will be entered under Rule 50.*

MELLOTT, *J.*, concurs only in the result.

---

MURDOCK, *J.*, dissenting: I dissent from the holding that the fair market value of decedent's undivided one-third interest in the five pieces of real estate is 12½ percent less than one-third of the fair market value of the entire five pieces. Perhaps an owner of an undivided one-third interest, *forced to sell*, might not get more than 87½ percent of one-third of the value of the whole. However, in determining fair market value the existence of a willing seller, not forced to sell, and also a willing buyer, is assumed. I can not believe that the holder of a one-third interest who was not forced to sell would accept an offer of a willing buyer at 87½ percent of one-third of the value of the whole.

TURNER, *J.*, agrees with this dissent.