COMMISSIONER OF INTERNAL REVENUE v. ESTATE OF HINDS.

No. 12852.

United States Court of Appeals
Fifth Circuit.

March 2, 1950.

George D. Webster, Sp. Asst. to Atty. Gen., Theron Lamar Caudle, Asst. Atty. Gen., Ellis N. Slack, Sp. Asst. to Atty. Gen., Charles Oliphant, Chief Counsel, Bureau of Internal Revenue, Washington, D. C., Charles E. Lowery, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., Helen Goodner, Sp. Asst. to Atty. Gen., Francis W. Sams, Sp. Asst. to Atty. Gen., for petitioner.

Gilbert M. Denman, Jr., San Antonio, Tex., Leroy G. Denman, San Antonio, Tex., Leroy G. Denman, Jr., San Antonio, Tex., for respondent.

Before HUTCHESON, Chief Judge, and WALLER and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

The commissioner, complaining of the decision of the Tax Court, presents for decision the question: whether the Tax Court erred in failing to hold that taxpayer's entire interest in certain community property, irrevocably transferred in trust for the use and benefit of his wife and their children, was, under Sec. 811(c) of the Internal Revenue Code, 26 U.S.C.A. § 811(c), includable within taxpayer's gross estate because taxpayer retained the possession and enjoyment of, or right to the income from the property during his life.

This is the record. On Dec. 31, 1940, decedent and his wife, who were domiciled in Texas, transferred, in New York, to a New York trust company, in trust, the income to be payable to the wife during her life and afterward to her children, certain community property owned by them.

The commissioner determined that, as to the decedent's one-half of the property, the transfer was in contemplation of death, and, further, was a transfer under which the decedent retained the possession or enjoyment of, or the right to the income from, the property, and, therefore, must, under Sec. 811(c) of the Internal Revenue Code, be included.

The Tax Court rejected the commissioner's determination, that the transfer was made in contemplation of death. It, however, approved his determination that, though the transfer made the property the separate property of the wife, the income from it was community property and, therefore, the decedent had, within Sec. 811(c), retained the use, possession, or enjoyment of, or the right to the income from, it.

Unlike the commissioner, however, the Tax Court, under the purported authority of Treasury Regulation 105 Sec. 81.18,[1] included only one-half of the community one-half transferred by the decedent, or one-fourth of the whole property transferred in trust, and directed recomputation of the tax accordingly.

The commissioner is here urging upon us that, while the Tax Court was right in

1. " * * * If such retention or reservation is of a part only of the use, possession, income, or other enjoyment of the property, then only a corresponding proportion of the value of the property should be included in determining the value of the gross estate."

holding that the transfer was a Sec. 811(c) transfer and includable in part, it was wrong in not holding it includable in whole.

The taxpayer, who because she thought the amount of tax imposed under the decision was too small to justify further litigation, did not appeal from it, is here urging upon us that it should be affirmed on the commissioner's appeal, not because it is right, but because it gave the commissioner more than he was entitled to, and he cannot, therefore, complain of it.

 We agree with the taxpayer. Without, therefore, at all approving the decision of the Tax Court, or deciding the point so much labored here by the commissioner and taxpayer, but unnecessary to the decision of this case, whether the income from the property was, within the decision of Commissioner of Internal Revenue v. Porter, 5 Cir., 148 F.2d 566, community property, we deny the petition for review. We do this upon the authority of the settled law of Texas,[2] that whether the income be regarded as separate property of the wife or as community income from the wife's separate property, the taxpayer retained neither "the possession or enjoyment of, or the right to the income from," the property so as to make applicable Sec. 811(c) (1) (B), invoked by the commissioner and in part applied by the Tax Court.

The petition for review is denied, and as against that petition, the judgment is affirmed.

WALLER, Circuit Judge (specially concurring).

I concur in the holding of the majority opinion that the taxpayer retained neither "'the possession or enjoyment of, or the right to the income from,' the property so as to make applicable Sec. 811(c) (1) (B)," but I do not think that so holding we have as fully met the issue in this case as its importance seems to deserve.

It is not disputed that a trust, such as General Hinds and his wife created for the benefit of Mrs. Hinds, Marjorie Hamilton Hinds Crews, and John Hamilton Hinds—daughter and son respectively of the settlors—and to whom shall be conveyed the residue of the trust property upon their reaching certain ages, is lawful under the laws of the State of Texas.

It seems undisputed that even though the corpus of the community property conveyed by the husband and wife to the trust estate is no longer community property, nevertheless the income of the wife received from the trust estate would, during the existence of the commounity, have been community income unless there was a clear, definite, and distinct intention expressed in the trust indenture to make such income her separate, rather than community, property. I think that the trust indenture did make it quite clear not only that "neither the possession or enjoyment of, or the right to the income from" the trust estate was retained by the husband but that the income from the property of the trust estate was clearly and expressly made the separate property of the wife, for which she and she alone should be taxable.

I believe that the *income*—not the corpus—would have been community property had the trust agreement not clearly provided to the contrary.

In 23 Tex.Jur., Sec. 49, p. 70, it is provided that a gift may be made by one spouse to another under the Texas statutes and that such gift may be of the donor's separate property or it may consist of the community property. There it is said: "* * * Where the gift is of the community, it operates to vest in the donee the entire property as separate property, for it operates as a transfer of the title to the portion owned and a corresponding relinquishment of any possible community interest in the moiety belonging to the donee. Here again it is matter largely of intention to give, and the gift may be by express

2. Art. 4614, Tex.Rev.Stat. of 1925, Vernon's Ann.Civ.St. art. 4614; Arnold v. Leonard, 114 Tex. 535, 273 S.W. 799; Hawkins v. Britton State Bank, 122 Tex. 69, 52 S.W.2d 243; In re Gutierrez, D.C., 33 F.2d 987; Whitney Hardware Co. v. McMahan, 111 Tex. 242, 231 S.W. 694.

donation or by implication of fact or law. Thus where the husband makes to the wife a deed to the community property, it operates as matter of law to divest him of all interest therein and to vest the same in her, and the title thus taken could only mean that the estate was her separate estate."

Section 50, page 73, states:

"The law of gifts does not require that the subject matter be in actual existence; it may have a potential existence only. * * * So, also, either by way of gift may relinquish to the other earnings or profits to be acquired in the future, provided the transaction meets the requirement of specificness governing such transfers of property of potential existence only. Thus the husband may expressly or by implication make the wife a gift of her future earnings, the same as he may of such earnings already reduced to possession. * * *

"The rule being discussed is, however, dangerously near the forbidden thing that husband and wife cannot by mere agreement change the nature of their property from community into separate property or vice versa. Such attempted transactions are elsewhere noticed." [Footnote refers to Section 82 of the same volume, p. 104.]

Section 82, while holding that husband and wife cannot make agreements to change the statute, nevertheless cautions against mere agreements—as distinguished from conveyances of ·property—which have only the purpose to avoid the statutes, saying: " * * * Such agreements, if permitted, might destroy the statute and, through uncertainty, work untold mischief to the rights of purchasers or creditors dealing with the husband or the property. *This is not be taken, however, as preventing the free right of transfer or conveyance of property from one to the other, whether by purchase or gift.* But this has to do with *property* in actual or potential existence and not with those *agreements* whose sole effect is to change the character or status of future acquisitions." (Emphasis added.)

We have in the present case a conveyance of *property* not to the wife but from the husband and wife to a trustee, which seems in nowise to be an attempt to avoid the statute but is a conveyance of property in existence.

Sec. 135 of 23 Tex.Jur., p. 166, states: "With respect to the creation of trusts, there is no reason why the husband or the wife may not freely create such an estate for the benefit of the other. The subject matter of such a conveyance in trust may be either the community or the separate property."

Sec. 55, 23 Tex.Jur., pp. 79–80, says:

"To the general rule that rents, profits and the like belong to the community, there is the well-defined exception that where the estate itself consists in the specific right to take the rents, revenues and profits, such items constitute the corpus of the estate itself and may be that separate estate which we are here discussing. Thus where a devise or trust instrument grants the rents, increase, revenues, profits and the like, those things come within the letter and spirit of our statute defining the separate estates. Surely, one entitled to convey the greater estate may grant the lesser estate at will. In such a case it is not the fee nor the corpus of the property granted, but only its use, rents, revenues, profits and the like. Either husband or wife may thus, in his or her separate right, enjoy to the fullest extent the rents, revenues, income and profits of trust property.

"From what has been said it follows that either husband or wife may convey in trust for the beneficial use of the other in such a way as to convert into separate property · those things which otherwise would belong to the community estate. This is the rationale of the doctrine allowing gifts between the spouses. Indeed, in view of the undisputed right of either husband or wife to give or grant his or her separate property, nothing appears to prevent either from conveying the same in trust with an appropriation of the rents, revenues and profits therefrom to his or her own separate use or any other legitimate purpose. This would, of course, be a withdrawal of those rents and profits from the community and a transfer of the same to the separate estate, but, after all, it is an indisputable incident to ownership. * * * "

934

It seems to me that under these citations, which are supported by many cases cited in the footnotes, we should meet the issue head on and also hold that the Texas law, in instances where it is made clearly to appear, permits that to be done which General Hinds clearly undertook to do in the trust instrument here, viz., to make the income from the property conveyed to the trustee the separate property of the wife.