ESTATE OF HELEN M. JOHNSON, DECEASED, LOLITA MCNEILL MUHM, INDEPENDENT EXECUTOR, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2182–79.     Filed July 28, 1981.

*P. Allan Port*, for the petitioner.
*Evelyn B. Brennan*, for the respondent.

### OPINION

EKMAN, *Judge:* * Respondent determined a deficiency of $51,687 in petitioner's Federal estate tax. Concessions having been made by the parties, the sole issue remaining for decision is whether the date of death value of homestead property owned by decedent should be reduced or discounted on account of the homestead rights of decedent's surviving spouse.

All of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorpo-

---

*By order of the Chief Judge dated Sept. 12, 1980, this case was reassigned from Judge Herbert L. Chabot to Judge Sheldon V. Ekman.

rated herein by this reference. The pertinent facts are summarized below.

Lolita McNeill Muhm (hereinafter petitioner) is the independent executrix of the Estate of Helen M. Johnson, deceased. Petitioner is the successor to Perry Reese McNeill, Sr., who, as independent executor of the Estate of Helen M. Johnson, deceased, filed a Federal estate tax return with the District Director of Internal Revenue, Austin, Tex. Petitioner's legal residence at the time the petition was filed was Richardson, Tex.

Helen M. Johnson (hereinafter decedent), a resident of Brazoria, Brazoria County, Tex., died March 1, 1975, and was survived by her husband, Elmer V. Johnson, who was then 73 years of age.

At the time of her death, decedent owned interests in various tracts and parcels of real property in Brazoria County, Tex. Among them was the property in dispute, an undivided one-half interest in a tract of 297.563 acres (hereinafter tract 2) and the entire fee interest in 2.4378 acres (hereinafter tract 7). These properties, although separately owned by decedent, constituted the homestead of decedent and her husband.

Perry Reese McNeill (decedent's brother) was the owner of the other undivided one-half interest in the 297.563-acre tract referred to as tract 2. After decedent's death, Elmer V. Johnson asserted his right to continue to occupy both tracts as his homestead property against the wishes of decedent's brother.

Petitioner contends that once property is characterized as a homestead, certain rights created under Texas law serve to reduce its value for estate tax purposes. Respondent contends, on the other hand, there should be no reduction in value.

The parties have stipulated that if the homestead character of the property is to be reflected in valuing the property, the aggregate value of the interest in tract 2 and tract 7 is $92,233.73, while, if the homestead character is to be disregarded, the aggregate value is $173,945.50.

This Court faced the present issue in *Estate of Hinds v. Commissioner*, 11 T.C. 314 (1948), affd. on another issue 180 F.2d 930 (5th Cir. 1950). In response to the contention that in calculating the gross estate there should be deducted from decedent's community half interest the homestead interest of

the surviving spouse, this Court, relying on the predecessor of section 2033 and the regulations thereunder, stated at page 325:

We think this contention is without merit. The Federal estate tax laws do not contemplate any such deduction. There is nothing particularly unusual about the laws of Texas with respect to the surviving spouse having the right of life occupancy to the homestead property. Many states have laws of a similar nature. The regulations specifically provide that property subject to homestead or other exemptions under local law is includible as part of the gross estate. See Regulations 105, sec. 81.13. Here the decedent had a vested community one-half interest in the homestead property, which interest was terminated by his death. This community one-half interest is, therefore, includible in the decedent's estate.

Petitioner contends that *Estate of Hinds* was wrongly decided, that we summarily disposed of the issue therein, and that we should at this time reexamine our holding. Because we find no cases since *Hinds* bearing on the specific question, we turn to general principles of estate tax law for guidance.[1]

Although Federal estate tax laws are controlling, we must first look to State law to determine the property rights and interests created in the parties. *Morgan v. Commissioner*, 309 U.S. 78 (1940); *Lang v. Commissioner*, 304 U.S. 264 (1938); see *Commissioner v. Estate of Bosch*, 387 U.S. 456 (1967).

In Texas, marital property may consist of either separate or community property. Tex. Fam. Code Ann. tit. 1, sec. 5.01 (Vernon); see *Estate of Wyly v. Commissioner*, 610 F.2d 1282, 1288 (5th Cir. 1980). Article 16, section 51 of the Texas Constitution provides that "the homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with improvements thereon." It is well established that a homestead may consist of community property or separate property of either spouse. *Sparks v. Robertson*, 203 S.W.2d 622 (Tex. Civ. App. 1947); *Wicker v. Rowntree*, 185 S.W.2d 150 (Tex. Civ. App. 1945); *Gillespie v. Gillespie*, 110 S.W.2d 89 (Tex. Civ. App. 1937).

Once designated as homestead, the property is protected from all but a limited number of creditors. Tex. Const. art. 16,

---

[1]Petitioner alternatively contends that even if *Estate of Hinds v. Commissioner*, 11 T.C. 314 (1948), was correctly decided, the facts of the present case are not governed by the clear language and holding of *Hinds*. In light of our conclusion herein, we need not consider this contention.

sec. 50. Generally, neither spouse may convey, encumber, or sell the homestead without joinder of the other. Tex. Fam. Code Ann. tit. 1, sec. 5.81 (Vernon).

Upon the death of one spouse, the homestead property retains its exemption from creditors. Tex. Prob. Code Ann. tit. 17c, sec. 270 (Vernon). The property is not part of the estate for administrative purposes and it is delivered directly to the surviving spouse if there is one and if not, to the guardian of the minor children and unmarried surviving children, if any, living with the family. Tex. Prob. Code Ann. tit. 17c, sec. 271, sec. 272 (Vernon). The homestead vests and descends like any other real property; however the surviving spouse (or children) may continue to use and occupy the property so long as he or she elects to use and occupy it as the homestead. Tex. Const. art. 16, sec. 52.

Section 2033 states simply "The value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death." A decedent's gross estate for Federal estate tax purposes may be very different from the same decedent's estate for local probate purposes. Sec. 20.0–2(b)(2), Estate Tax Regs. Thus, section 20.2033–1(b), Estate Tax Regs., provides that property subject to homestead or other exemptions under local law is included in the gross estate.

Petitioner concedes that the homestead property is includable in decedent's estate but contends that the value of the interest that decedent possessed at death must be reduced due to these homestead rights. Petitioner has submitted the report of an expert to support her contention that the homestead rights created under Texas law are restrictions which, like encumbrances on the property, reduce its value. Respondent on the other hand would have us ignore any effect which the homestead rights might have on fair market value. We agree with petitioner. The value of the interest decedent possessed at death is less than that of the same property unencumbered by homestead rights, and we cannot totally disregard those rights in determining values.[2]

Section 20.2031–1(b), Estate Tax Regs., provides generally

---

[2]Fortunately, the parties, by stipulation, have spared us the task of ascertaining the value of those rights.

that the value of every item includable in a decedent's gross estate under sections 2031 through 2044 is its fair market value at the time of death or alternate valuation date under section 2032. As Judge Wisdom stated in *United States v. Land*, 303 F.2d 170, 172 (5th Cir. 1962):

> Brief as is the instant of death, the court must pinpoint its valuation at this instant—the moment of truth, when the ownership of the decedent ends and the ownership of the successors begins. It is a fallacy, therefore, to argue value before-or-after death on the notion that valuation must be determined by the value either of the interest that ceases or of the interest that begins. Instead, the valuation is determined by *the interest that passes*, and the value of the interest before or after death is pertinent only as it serves to indicate the value *at* death.

Section 20.2031–1(b), Estate Tax Regs., defines fair market value as the "price at which the property would change hands between a willing buyer and a willing seller, neither being under any compulsion to buy or to sell and both having reasonable knowledge of relevant facts." That regulation further provides that all the relevant facts and elements of value as of the applicable valuation date are to be considered in every case. As we said in *Estate of Reynolds v. Commissioner*, 55 T.C. 172, 195 (1970):

> "Fair market value" is not an incantation whose ritualistic use will immediately reveal the worth of unusual types of property. The basis of the definition of fair market value is the assumption that hypothetical willing buyer and hypothetical willing seller, neither being under compulsion to buy or sell and both having reasonable knowledge of the relevant facts, will arrive at some sale price for the property in question. Sec. 20.2031–1(b), Estate Tax Regs.; sec. 25.2512–1, Gift Tax Regs. In reality, no willing buyers or willing sellers may exist. * * *

Petitioner urges us to consider Elmer V. Johnson's rights as surviving spouse as a life estate. Numerous Texas cases do indeed discuss the homestead rights of a surviving spouse in terms of life estate or "in the nature of a life estate." See *Sargeant v. Sargeant*, 118 Tex. 343, 15 S.W.2d 589 (Tex. Commission App. 1929), *Williams v. Williams*, 569 S.W.2d 867, 869 (Tex. 1978), *Sparks v. Robertson*, 203 S.W.2d 622, 623 (Tex. Civ. App. 1947). However, we need not, for purposes of the present determination, define the specific character and nature of the homestead interest.[3]

---

[3]The Court of Appeals for the Fifth Circuit in a comprehensive opinion has recently held that a Texas homestead interest is a "property right in the nature of an estate in land." *United States v Rogers*, 649 F.2d 1117 (5th Cir. 1981).

Respondent analogizes the homestead rights under Texas law to common law rights of dower and curtesy and maintains that although technically not within the reach of section 2034, homestead rights are within the spirit and intent of section 2034. Thus, continues respondent, it would be unfair if dower and curtesy rights did not affect valuation while homestead rights did.

Section 20.2034–1, Estate Tax Regs., provides:

Dower or curtesy interests. A decedent's gross estate includes under section 2034 any interest in property of the decedent's surviving spouse existing at the time of the decedent's death as dower or curtesy, or any interest created by statute in lieu thereof (although such other interest may differ in character from dower or curtesy). Thus, the full value of property is included in the decedent's gross estate, without deduction of such an interest of the surviving husband or wife, and without regard to when the right to such an interest arose.

However, as respondent concedes, homestead rights are not dower, curtesy, or an interest created in lieu thereof. See Interpretive Commentary following Tex. Const. art. 16, sec. 50. We are in no way persuaded by the analogy respondent seeks to draw.[4]

Respondent contends that the direct reference to homestead property in section 20.2033–1(b), Estate Tax Regs., clearly signifies that the homestead property is includable at full value. But the purpose of that reference is to assure that, although State law may exempt it from probate or State tax, the property is still includable in the gross estate. This is made clear by the words "Property subject to homestead or other exemptions under local law." However, the fact that property is included in gross estate, although exempt under local law, has no bearing on determining the value at which the interest is to be included.

---

The interest differs from a life estate· in that if the surviving spouse ceases to use the property as a homestead, his homestead rights are terminated. In addition, the right to live on the property for life cannot be sold or conveyed but rather is personal to the surviving spouse. *Williamson v. Kelley*, 444 S.W.2d 311 (Tex. Civ. App. 1969). A life estate, on the other hand, can be sold or conveyed and is only terminated on the death of the life tenant.

[4]Compare sec. 2034 with sec. 2043(b) (and) sec. 2053(e) wherein Congress used "dower or curtesy, or of a statutory estate created in lieu of dower or curtesy, or *of other marital rights in the decedent's property*." (Emphasis supplied.)

The language of respondent's own regulations concerning dower and curtesy differs from that dealing with homestead property. Section 20.2034–1, Estate Tax Regs., reads as follows:

Thus, the *full value* of property is included in the decedent's gross estate, without deduction of such an interest of the surviving husband or wife, and without regard to when such an interest arose. [Emphasis supplied.]

Section 20.2033–1(b), Estate Tax Regs., on the other hand, simply states that "Property subject to homestead or other exemptions under local law is included in the gross estate." Respondent's attempt to read the explicit language of section 20.2034–1 into section 20.2033–1(b), Estate Tax Regs., must therefore be rejected. We note in passing that the language of both sections of his regulations has remained substantially unchanged since 1937. See arts. 13[5] and 14,[6] Estate Tax Regs. 80 (1937).

In this case, the decedent did not possess a full total interest subject to her unrestricted control. Once the property was characterized as the homestead, decedent could not sell it without joinder of her spouse (Tex. Fam. Code Ann. tit. 1, sec. 5.01 (Vernon); see, e.g., *Farmers & Merchants National Bank of Nocona v. Williams*, 133 Tex. 554, 129 S.W.2d 268 (1939)), nor could she dispose of the entire homestead property by will without its being subject to the rights of her surviving spouse. Thus, at all times, decedent could convey only an interest subject to the homestead rights of her husband. Once the

---

[5]Art. 2, Regs. 70 (1926), for the first time provided that "homestead and other exemptions" are subject to tax, following enactment of sec. 302(b), Revenue Act of 1926, 44 Stat. 70. That statute eliminated the limitation of an earlier predecessor of sec. 2033, that, in order for the value of an interest to be included in his estate under that section, the interest of a decedent had to be "subject to the payment of charges against his estate and the expenses of its administration and * * * subject to distribution as part of his estate."

Respondent, in his 1937 regulations, removed the reference to homestead from art. 2, Regs. 80 (1937) (the predecessor of Estate Tax Regs. sec. 20.0–2) and placed it in art. 13, Regs. 80 (1937) (the predecessor of sec. 20.2033–1(b), Estate Tax Regs.) in its present form.

[6]The words "full value" have consistently been included in respondent's regulations for property subject to dower and curtesy rights since 1919 (see art. 21, Regs. 37 (1919); art. 21, Regs. 37 (1921); art. 16, Regs. 63 (1922); art. 14, Regs. 68 (1924); art. 14, Regs. 70 (1926); art. 14, Regs. 70 (1929); art. 14, Regs. 80 (1934); art. 14, Regs. 80 (1937); sec. 81.14, Regs. 105 (1942); sec. 20.2034–1, Estate Tax Regs. (1959)) but have never appeared in his regulations for property subject to homestead rights (see art. 2, Regs. 70 (1926); art. 2, Regs. 70 (1929); art. 2, Regs. 80 (1934); art. 13, Regs. 80 (1937); sec. 81.13, Regs. 105 (1942); sec. 20.2033–1(b), Estate Tax Regs. (1959).

property became homestead property, it was no longer subject to decedent's free and unrestricted dominion.

The fair market value of property subject to restrictions is generally recognized to be less than that of the same property unrestricted. Thus, restrictions on shares in a corporation (see sec. 20.2031–2(f) and (h), Estate Tax Regs., and sec. 25.2512–2(f), Gift Tax Regs.) and restrictions on sales of interests in an unincorporated business (see sec. 20.2031–3, Estate Tax Regs., and sec. 25.2512–3, Gift Tax Regs.) affect fair market value adversely. See *Wilson v. Bowers*, 57 F.2d 682 (2d Cir. 1932); *Estate of Littick v. Commissioner*, 31 T.C. 181 (1958); and *Estate of Weil v. Commissioner*, 22 T.C. 1267 (1954) (restrictive agreement affects estate tax valuation); *Estate of Piper v. Commissioner*, 72 T.C. 1062 (1979); and *Bolles v. Commissioner*, 69 T.C. 342 (1977) (restrictions under Federal securities laws affect fair market value); *Worcester County Trust Co. v. Commissioner*, 134 F.2d 578 (1st Cir. 1943); *Krauss v. United States*, 140 F.2d 510 (5th Cir. 1944); and *Estate of Reynolds v. Commissioner, supra* (restriction such as right of first refusal affects fair market value); *Spitzer v. Commissioner*, 153 F.2d 967 (8th Cir. 1946), and *Kline v. Commissioner*, 130 F.2d 742 (3d Cir. 1942) (restrictive agreement affects gift tax valuation).

Because of the restrictive nature of common ownership of property, the fair market value of an undivided fractional interest is often less than the full aliquot share of the value of the entire property. See *Stewart v. Commissioner*, 31 B.T.A. 201, 203–206 (1934); *Estate of Companari v. Commissioner*, 5 T.C. 488, 492–493 (1945); *Estate of Henry v. Commissioner*, 4 T.C. 423, 446–447 (1944); *Estate of Fawcett v. Commissioner*, 64 T.C. 889, 898–901 (1975).[7] Similarly, the fair market value of a minority interest in a business is ordinarily less than the proportionate share of the value of the entire business. See *Estate of Bischoff v. Commissioner*, 69 T.C. 32, 48–50 (1977); *Estate of Leyman v. Commissioner*, 40 T.C. 100, 119 (1963), modified on other grounds 344 F.2d 763 (6th Cir. 1965); opinion of Court of Appeals vacated per curiam 383 U.S. 832 (1966);

---

[7] In *Estate of Fawcett v. Commissioner*, 64 T.C. 889, 900 (1975), we stated that in determining the fair market value of an undivided interest, a discount factor "should be considered to reflect the possible legal and other problems that would arise when such an interest is sold."

*Estate of de Guebriant v. Commissioner*, 14 T.C. 611, 619 (1950), revd. on another issue sub nom. *Claflin v. Commissioner*, 186 F.2d 307 (2d Cir. 1951). Consistent with these principles, it is well established that because of the difficulties related to and the restrictions associated with selling large blocks of stock, valuation may be reduced to take into account a "blockage discount." See sec. 20.2031–2(e), Estate Tax Regs.; sec. 25.2512–2(e), Gift Tax Regs.; *Helvering v. Maytag*, 125 F.2d 55 (8th Cir. 1942), cert. denied 316 U.S. 689 (1942); *Standish v. Commissioner*, 8 T.C. 1204 (1947). Also see *Rushton v. Commissioner*, 498 F.2d 88 (5th Cir. 1974); *Estate of Smith v. Commissioner*, 57 T.C. 650 (1972), affd. 510 F.2d 479 (2d Cir. 1975).

Thus, restrictions have consistently played a role in determining fair market value. As provided in section 20.2031–1(b), Estate Tax Regs., all the relevant facts and elements of value must be considered. In the case at bar, the Texas constitution and Texas statutes have specifically provided for restrictions, and, consistent with the dictates of accepted rules of valuation, we cannot disregard those restrictions.

Accordingly, we hold that the fair market value of the property in controversy, and the amount thus includable in the gross estate of decedent, was $92,233.73. *Estate of Hinds v. Commissioner, supra*, will no longer be followed and is expressly overruled.

*Decision will be entered under Rule 155.*

Reviewed by the Court.
STERRETT, *J.*, dissents.

FAY, *J.*, dissenting: I dissent from the majority's conclusion that decedent's husband's Texas homestead rights reduce the value of decedent's gross estate, and I strongly disagree with the holding by the majority, *supra* at 128, that *Estate of Hinds v. Commissioner*, 11 T.C. 314 (1948), affd. on other grounds 180 F.2d 930 (5th Cir. 1950), "is expressly overruled." By reversing our course in this area after more than 30 years, we have granted carte blanche to the States to do what individuals plainly cannot—shelter substantial amounts of marital property from Federal taxation in the estate of either spouse.

I believe section 2034, I.R.C. 1954, mandates inclusion of the entire property in decedent's estate, that is, decedent's interest in that property under section 2033 plus her husband's Texas homestead interest under section 2034. The statement to the contrary in the majority opinion, *supra* at 126, is both unwarranted dicta and erroneous. If husband's Texas homestead rights are not included in the decedent-wife's estate under section 2034, as would be common law dower or curtesy, a significant portion (approximately $82,000 out of $174,000) of this marital property will end up not being taxed in the estate of either spouse because the husband's rights evaporate upon his death. This result is clearly inconsistent with both the overall structure and the purpose of the estate tax (compare, e.g., secs. 2040 and 2056), and leads me to conclude section 2034 must be read as applying to homestead rights such as those at issue herein.

The majority opinion holds that Texas homestead rights are not an interest created "in lieu of" dower or curtesy, and cites the Interpretative Commentary following Tex. Const. art. 16, sec. 50, for support. Texas law will of course determine the extent of the interest owned by each spouse. See *Commissioner v. Estate of Bosch*, 387 U.S. 456 (1967). But Texas law is irrelevant insofar as it relates to the proper interpretation of section 2034. Section 2034 is a *Federal* statute and must be construed in light of the *Federal* public policies underlying its statutory language. *Lyeth v. Hoey*, 305 U.S. 188, 193 (1938).

The idea of section 2034 is to include in the gross estate the entire interest of a decedent in property, even though such interest is subject to marital rights under State law which give some type of life estate in the property to the decedent's spouse. See generally *Tait v. Safe Deposit & Trust Co.*, 70 F.2d 79 (4th Cir. 1934). The language of section 2034—"any interest * * * of the surviving spouse, existing at the time of the decedent's death as dower or curtesy, or by virtue of a statute creating an estate in lieu of dower or curtesy"—describes an interest or estate given the surviving spouse under local law that is defined as or serves the same purposes as common law dower or curtesy. Black's Law Dictionary 580 (4th ed. 1968) defines dower as "The provision which the law makes for a widow out of the lands or tenements of her husband, for her support and the nurture of her children." Accord, 25 Am. Jur.

2d 88, Dower & Curtesy, secs. 9 and 10 (1966). Homestead rights under Texas law plainly serve the above purpose. See *Orr v. Orr*, 226 S.W.2d 172 (Tex. Civ. App. 1949). Accordingly, I would hold that Texas homestead rights create an interest "in lieu of dower or curtesy" as defined for purposes of the Federal estate tax. That the Texas provisions may not have been intended to codify or to replace the English common law rights of dower or curtesy is not controlling, especially in light of section 20.2034–1, Estate Tax Regs., which includes within the meaning of section 2034 "any interest created by statute in lieu thereof (*although such other interest may differ in character from dower or curtesy* )." (Emphasis added.) See also sec. 20.2031–1(a)(1), Estate Tax Regs.; H. Rept. 767, 65th Cong., 2d Sess. (1918), 1939–1 C.B. (Part 2) 86, 101. Cf. *United States v. Hiles*, 318 F.2d 56 (5th Cir. 1963) (routine inclusion of property subject to Alabama homestead rights in the gross estate; homestead treated like dower for purposes of the marital deduction except insofar as a difference in vesting leads to a different result under the terminable interest rule, sec. 2056(b)).

The foregoing analysis leads me to conclude that *Estate of Hinds v. Commissioner, supra*, reached the correct result and should not be overruled. While I agree with the majority that section 2033 does not in this case require inclusion of husband's Texas homestead rights in decedent-wife's estate, I do not find the analysis in *Estate of Hinds* to be sufficiently detailed to warrant overruling that case on the ground it reached the right result for the wrong reason.[1] *Estate of Hinds* has been relied upon as controlling authority on this issue for more than 30 years by the Government, taxpayers, and the tax bar in general. See R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxation, par. 4.05[3] n. 17 (1978). Nothing in the legislative history of the enactment of the 1954 Code even

---

[1]As pointed out by the majority, *Estate of Hinds v. Commissioner*, 11 T.C. 314 (1948), affd. on other grounds 180 F.2d 930 (5th Cir. 1950), relied upon a regulation now found at sec. 20.2033–1(b), Estate Tax Regs., and originally issued under the statutory predecessor of current sec. 2033. It is true that differences in State law may dictate inclusion of property subject to "homestead rights" in the gross estate under sec. 2034 in some cases and sec. 2033 in others. But I know of no case striking down otherwise valid regulations solely on the ground they have been misplaced. Cf. *Fulman v. United States*, 434 U.S. 528 (1978); *L. C. Bohart Plumbing & Heating Co. v. Commissioner*, 64 T.C. 602, 608 (1975).

remotely suggests Congress considered this area unsettled at that time. See H. Rept. 1337, 83d Cong., 2d Sess. at A313 (1954).

As indicated above, I agree with much of the majority's analysis under section 2033. However, I cannot agree with its general approach. *Section 2033 is not a valuation section.* Value is determined under section 2031. See sec. 20.2031–1 to – 10, Estate Tax Regs. Valuation issues are primarily factual. See *Estate of Smith v. Commissioner*, 57 T.C. 650 (1972), affd. 510 F.2d 479 (2d Cir. 1975). See also *Buffalo Tool & Die Mfg. Co. v. Commissioner*, 74 T.C. 441 (1980); *McGuire v. Commissioner*, 44 T.C. 801 (1965). Moreover, because the parties stipulated the value of the property in this case if homestead rights are taken into account, the valuation issue simply is not presented.

Section 2033 includes in the gross estate the *interest* owned by the decedent under State law at the time of his or her death. The legal issue that should have been addressed by the majority is whether any *interest* in the property at issue was not owned by the decedent at the time of her death. If the decedent held less than a fee interest (in all of the small plot, and an undivided half interest in the larger tract) at the time of her death, then, and only then, should we determine under section 2031 the value of the lesser interest she held.[2] By injecting valuation issues into our analysis of sections 2033 and 2034, we risk undermining the integrity of sections 2034 through 2045 by subjecting those inclusion sections to collateral attack under the aegis of section 2031. The proper approach is to determine what is includable in the gross estate under sections 2033 through 2045, and *then* to value that property or interest under section 2031.

That much said, I think the remainder of the majority's analysis under section 2033 is essentially correct. The surviving spouse held his Texas homestead rights—which amounted to a kind of protected life estate—before, at, and after his spouse's death. Without his affirmative consent, his spouse

---

[2] I am somewhat confused by the majority's statement at pp. 123–124, "Petitioner concedes that the homestead property is includable in decedent's estate but contends that the value of the interest that decedent possessed at death must be reduced due to these homestead rights." I can find no such concession in the briefs. Read literally, that concession, had it in fact been made, would have ended the case.

could neither have transferred during her life nor passed on at her death his interest in the property.[3] Simply stated, his rights constituted an interest in the property not owned by the decedent at the time of her death, and which, accordingly, is not includable in her estate under section 2033.

This is admittedly a gap or "loophole" in section 2033. But it is a "loophole" which is "plugged" by section 2034. The whole purpose of sections 2034 through 2045 is to close just such gaps in the statute, and the specific purpose of section 2034 is to ensure that real property held by one spouse to which marital rights attach will nevertheless be included in that spouse's estate. H. Rept. 767, *supra*, 1939–1 C.B. at 101.

Finally, it is unclear from the majority opinion, *supra* at 125–126, to what extent its holding is based upon a concession by respondent that homestead rights are not an interest created in lieu of dower or curtesy under section 2034.[4] If the majority indeed has accepted such a concession of law, then its holding as to section 2034 is pure dicta. Moreover, such a basis would appear to leave the door open for reaching a different result in future cases.

However, by "expressly" overruling *Estate of Hinds*, the majority apparently is holding as a matter of law that homestead rights are not includable in the gross estate under section 2034, unless those rights were created by the State

---

[3]It is important to recognize that similar restrictions and rights attach prior to death to property subject to common law dower or curtesy. In *Sykes v. Chadwick*, 85 U.S. (18 Wall.) 141 (1873), a wife sold, for a note, her dower rights in real property that her husband wished to sell. When the purchaser of the property subsequently refused to pay the note for lack of consideration, the Supreme Court enforced the sale and the note, holding, "her right of dower is a valuable interest, which she cannot be compelled to resign, and which the law very carefully protects from the control of her husband." 85 U.S. at 145. Indeed, it is universally held that, although dower is an inchoate right with possession contingent upon survivorship, dower is nevertheless a valuable present interest of the wife that cannot be defeated by the husband or his creditors either during his life or thereafter. *In re Cropsey Ave. in City of New York*, 268 N.Y. 183, 186, 197 N.E. 189, 190 (1935). See *Porter v. Lazear*, 109 U.S. 84 (1883). See generally 28 C.J.S. 108, Dower, secs. 42, 45, 47 (1941). Such parallels further convince me that Texas homestead rights should be treated just like dower or curtesy for purposes of the Federal estate tax.

[4]In his reply brief, respondent stated, "Respondent does not assert that I.R.C. sec. 2034 applies to the instant case, except by analogy." Respondent's Reply Brief at 7. However, respondent's argument by analogy clearly asserts the applicability of sec. 2034. In his opening brief, respondent stated, "It would be manifestly unfair for taxpayers such as petitioner to escape [sec. 2034's] application merely because an interest is characterized as homestead rather than dower or curtesy, when the reason for the allowance of such interests and the effect of both are virtually the same." Respondent's Brief at 13.

legislature to replace common law dower or curtesy. This result skews the law in a way that has little or nothing to do with the policies underlying the Federal estate tax and cannot be squared with the obvious purpose of a Federal statute that has been reenacted in substantially its present form since 1918.

TANNENWALD and SIMPSON, *JJ.*, agree with this dissenting opinion.

NIMS, *J.*, dissenting: I respectfully dissent. It is surprising that the Court finds it necessary to disturb at this late date a rule of law which most assumed had been well settled since at least 1950. *Estate of Hinds v. Commissioner*, 11 T.C. 314 (1948), affd. on another issue 180 F.2d 930 (5th Cir. 1950). For example, Stephens, Maxfield, and Lind, leading authorities on the Federal estate and gift tax, accept as a given that "'homestead' or similar state-law exemptions that may shield property from some state taxes or creditors' claims do not keep the value of property out of the gross estate." R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxation, par. 4.05[3] (1978 ed.). These rights are included by the authors under the subsection entitled "Routine Inclusions [Under Section 2033]."

Furthermore, it seems to me highly inappropriate to reach a result, unless we are absolutely compelled to do so, which will now affect the reach of the estate tax on a State-by-State basis. Nevertheless, I do not base my objections simply upon a "'tain't right" approach. There is substantial rationale for the result in *Hinds*, notwithstanding this Court's somewhat conclusory articulation thereof in *Hinds*.

Clearly, Texas homestead rights are not includable under section 2034, because they do not constitute an interest in property existing at the time of the decedent's death "by virtue of a statute creating an estate in lieu of dower or curtesy."[1]

---

[1]As a matter of fact, R. Stephens, G. Maxfield & S. Lind, Federal Estate and Gift Taxations par. 4.06 (1978 ed.), opine that the *present* language of sec. 2033 would include the entire value of property owned by a decedent without reduction for a surviving spouse's dower or curtesy interests in it which, they say, at most, impose conditional restrictions on disposition of property and which restrictions, in turn, are not operative until he dies and never operate

Sec. 2034. The excellent explication of Texas law on homestead rights in the majority opinion makes this abundantly clear. However, for reasons hereinafter given, the existence of the homestead rights does not diminish the value of property includable in the decedent's estate under section 2033, as the majority incorrectly concludes.

In another context, we have held that "the fact that transfers may be inchoate when originally made does not preclude them from being perfected at some later date"; i.e., at the date of death. *Estate of Pyle v. Commissioner*, 36 T.C. 1017, 1020 (1961), affd. 313 F.2d 328 (3d Cir. 1963). The term "inchoate" is defined in Black's Law Dictionary (5th ed.) as "imperfect; partial; unfinished; begun, but not completed." Homestead rights, while not a statutory substitute for dower and curtesy, share the common characteristic with dower and curtesy of being initially inchoate. In *Tait v. Safe Deposit & Trust Co.*, 3 F. Supp. 51, 58 (D. Md. 1933), affd. 70 F.2d 79 (4th Cir. 1934), the Court, in describing the thrust of section *2034* (emphasis supplied), referred to the inchoate nature of dower and curtesy: "it was the legislative intent by [the predecessor of section 2034] to tax only the *inchoate* interest of the surviving spouse which existed during the decedent's life, made *consummate* by the latter's death."

The fact that homestead rights are not a statutory substitute for dower or curtesy, as required for inclusion under section 2034, does not preclude inclusion under section 2033. This is true if, in fact, the homestead rights created by operation of law as an incident of the marital relationship *are* initially inchoate or incident to an incomplete transfer which is completed by the fact of the decedent's death.

It seems to me that the creation of the homestead pursuant to the Texas Constitution, as described by the majority, *is* an incomplete transfer similar, in this respect to dower and curtesy. Both originate in the marital relationship and are subject to extinguishment if the marriage terminates or upon the prior death of the benefited spouse. True, "Generally neither spouse may convey, encumber, or sell the homestead

---

if his spouse predeceases him. In the authors' words, "This reduces section 2034 to a cautious redundancy." In a footnote, they point out that sec. 2034 was enacted at a time when the predecessor of sec. 2033 was far more restrictive in scope than it is today.

without joinder of the other," as the majority says, but if the property is sold under such conditions, the homestead is undoubtedly extinguished, although a new homestead may subsequently be established elsewhere. It is only upon the death of one spouse survived by the benefited spouse (or minor or unmarried surviving children) that the transfer is completed and therefore taxable under section 2001(a) (relating to the imposition of the estate tax on transfers of taxable estates). At this point, as stated by the majority, the homestead vests and descends like any other real property; however, the surviving spouse (or children) may continue to use and occupy the property so long as he or she elects to use and occupy it as the homestead. Tex. Const. art. 16, sec. 52. Thus, for purposes of section 2033, the taxable interest of the decedent includes the *entire* property, undiminished by the value of the homestead rights previously incompletely, but now completely, transferred.

For the above reasons, I would hold for the respondent.

TANNENWALD, WILBUR, and CHABOT, *JJ.*, agree with this dissenting opinion.