ESTATE OF LAWRENCE B. MANGIONE, DECEASED, PETER L. MANGIONE, EXECUTOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Mangione v. Commissioner
Docket No. 31883-83.
United States Tax Court
T.C. Memo 1986-296; 1986 Tax Ct. Memo LEXIS 309; 51 T.C.M. (CCH) 1452; T.C.M. (RIA) 86296; July 21, 1986. Martin S. Korey and Sherwin I. Pogrund, for the petitioner. Vikki L. Pryor, for the respondent. FAY
MEMORANDUM OPINION FAY, Judge: Respondent determined a deficiency in petitioner's Federal estate tax liability in the amount of $90,764.42. After concessions, *310 the sole remaining issue is whether the value of a condominium unit included in the gross estate should be reduced for estate tax purposes by reason of a State Probate Court order granting decedent's surviving spouse rent-free use, possession and occupancy of the condominium unit. This case was submitted fully stipulated pursuant to Rule 122. [1] The stipulation of facts and attached exhibits and the supplemental stipulation of facts are incorporated herein by reference. Lawrence B. Mangione (herein "decedent") died on September 28, 1980. Petitioner timely filed a Federal estate tax return on June 29, 1981, with the District Director of Internal Revenue at Chicago, Illinois. At the time of the filing of the petition herein, Peter Mangione, decedent's son and executor of decedent's estate, resided in Glenview, Illinois. At the time of his death, decedent owned one hundred percent of the beneficial interest in a revocable land trust with American National Bank and Trust *311 Company of Chicago, as trustee, under a trust agreement dated November 1, 1974 (herein "land trust"). At the time of decedent's death, the corpus of the land trust was a condominium unit known as Unit No. 104, 1740 North Mission Hills Road, Northbrook, Illinois. The remaindermen to the land trust were decedent's son and daughter. Pursuant to the agreement creating the land trust, either decedent or Peter Mangione had the power to terminate the land trust or transfer the corpus thereof at any time before decedent's death. On June 1, 1977, decedent married Erma Bartling (herein "Erma") and remained married to her until his death. On May 25, 1977, decedent and Erma had entered into an antenuptial agreement whereby Erma waived all rights in decedent's property that she might have acquired by reason of her marriage to him, and specifically agreed not to share in decedent's estate by way of dower or curtesy, or by way of her statutory allowance. On September 15, 1977, decedent delivered to Peter Mangione and Sherwin I. Pogrund, decedent's attorney, a letter stating that although he had not so provided in a codicil to his will executed on that day, it was his desire and wish that *312 Erma be allowed to remain in the condominium unit during her lifetime if she so desired, so long as she paid all of the taxes, liabilities and assessments of the condominium unit. After decedent's death, Erma filed suit in the Circuit Court of Cook County, Illinois, Probate Division, (herein "State Probate Court") seeking, among other relief, an injunction restraining and enjoining the trustee and beneficiaries of the land trust from interfering with her rent-free use of the condominium unit. By order dated July 7, 1981, the State Probate Court in Erma Mangione v. Peter L. Mangione, et al., case No. 80 P 7214, awarded Erma rent-free use, possession and occupancy of the condominium unit as long as she pays all assessments, real estate taxes, and maintenance and repair charges. Such order further enjoined the trustee and beneficiaries to the land trust from interfering with Erma's use, occupancy and possession of the condominium unit. Such order of the State Probate Court did not indicate the reason for its decision and judgment. On its Federal estate tax return, petitioner elected under section 2032 to value the gross estate as of the alternate valuation date. *313 Such alternate valuation date fell on March 28, 1981. As of March 28, 1981, the value of the condominium unit, without regard to Erma's interest, was $223,650. Petitioner stated the value of the condominium unit on the Federal estate tax return as $223,650 and subtracted therefrom the sum of $147,159 purporting to represent the "restraint on alienation of beneficial interest" resulting from the July 7, 1981 order of the State Probate Court. Petitioner accordingly reported the value of the condominium unit on the Federal estate tax return as $76,491. Respondent issued a statutory notice of deficiency on September 16, 1983, with respect to petitioner's Federal estate tax liability. Therein, respondent determined that the condominium unit should be included in the gross estate at the value of $223,650, without any reduction for Erma's interest, since petitioner had not shown that decedent owned less than an unrestricted 100 percent interest in the condominium unit. The sole issue is whether for estate tax purposes, the value of the condominium unit should be reduced by reason of Erma's interest therein. As we stated above, contrary to petitioner's position, respondent determined *314 that the value of the condominium unit is unaffected by Erma's interest. Petitioner has the burden of proving respondent's determination to be incorrect. Rule 142(a). The Federal estate tax fixes upon the interest which ceases by reason of decedent's death, rather than the interest to which some person succeeded on death. Edwards v. Slocum,264 U.S. 61 (1924); Walter v. United States,341 F.2d 182 (6th Cir. 1965); Mayer v. Reinecke,130 F.2d 350 (7th Cir. 1942), cert. denied 317 U.S. 684 (1942). Consistent therewith, section 2033 provides that the value of all the property to the extent of decedent's interest therein at the time of death is included in the gross estate. Sec. 2033. The regulations under section 2033 provide that all property beneficially owned by decedent at the time of death must be included in the gross estate. Sec. 20.2033-1(a), Estate Tax Regs. Here, the parties have stipulated that decedent owned one hundred *315 percent of the beneficial interest in the condominium unit at the time of his death. Therefore, it follows that one hundred percent of the condominium unit is includible in the gross estate. Petitioner has not argued otherwise. What remains to be decided is the value of such condominium unit for estate tax purposes. Generally, unless an estate makes an election under section 2032, the value of the property in the gross estate is the value of all property therein at the time of decedent's death. See sec. 2031. Here, petitioner elected to value all property of the gross estate pursuant to the provisions of section 2032. Section 2032, where relevant herein, provides for the valuation of all the property included in the gross estate as of the date six months after the decedent's death. See sec. 2032(a)(2). Regardless of the election of section 2032, however, the character of the property to be valued is as it existed on the date of death although it is valued at market conditions existing at the elected valuation date. Flanders v. United States,347 F.Supp. 95 (N.D. Cal. 1972), *316 citing H. Rept. 1885, 74th Cong., 1st Sess. (1939), 1939-1 C.B. (Part 2) 660, 663. Respondent argues that Erma's interest does not reduce the value of the condominium unit because such interest was either a life estate created by decedent which took effect at decedent's death, or that such interest was created by means of an inter vivos gift with decedent retaining a power to revoke and a life estate in favor of himself. Respondent argues that in either case, the full value of the condominium unit is included in the value of the gross estate for Federal estate tax purposes. Petitioner concedes on brief that if respondent's characterization of Erma's interest is correct, a reduction in the value of the condominium unit by reason thereof would be improper. However, petitioner denies that any life estate in Erma's favor was created or that any inter vivos gift was made by decedent to Erma. Petitioner premises its entire argument on the theory that Erma had no interest in the condominium unit until July 7, 1981, when a nontransferable, personal interest was created by the order of the State Probate Court and that the value of the condominium unit on March 28, 1981, the *317 alternate valuation date, was depressed solely by reason of such interest. On brief, petitioner reasons that such interest reduces the value of the condominium unit as of March 28, 1981, because "[g]iving effect to the July 7, 1981, [State Probate] Court order, the [l]and[t]rust[b]eneficiaries could no longer sell the [c]ondominium[u]nit free from the rent-free use, occupancy, and possession of Erma Mangione in the [c]ondominium[u]nit." [2] Petitioner compares the instant case to one in which stock owned by a decedent is subject to a restrictive buy-sell agreement. Since petitioner has made no other arguments, we will accordingly address only the narrow issue presented by petitioner. *318 We are bewildered by petitioner's argument. Although we have held that certain restrictions on property play a role in determining fair market value ( Estate of Johnson v. Commissioner,77 T.C. 120 (1981), revd. on another issue 718 F.2d 1303 (5th Cir. 1983)), petitioner has not proved that decedent's one hundred percent beneficial interest in the condominium unit was in any way restricted at the time of his death or on the alternate valuation date. Since petitioner argues that Erma's interest was created on July 7, 1981 and no earlier, we are at a loss to understand how such interest could have affected the value of the condominium unit on the alternate valuation date, some three and one-half months before the day the State Probate Court order which purportedly created such interest was entered. As we stated above, petitioner has asserted on brief that the instant case is similar to one in which stock owned by a decedent is subject to a restrictive buy-sell agreement. Although we recognize that in certain cases the value of stock for estate tax purposes may be affected by a restrictive buy-sell agreement to which the stock was subject at the time *319 of a decedent's death (see, e.g., Estate of Littick v. Commissioner,31 T.C. 181 (1958)), we find that such cases have no application herein since petitioner has not proved that the condominium unit was subject to any restrictions on transfer either on the date of decedent's death or on the alternate valuation date. The parties stipulated that the value of such unit on March 28, 1981, without regard to Erma's interest in the property, was $223,650. The value of the condominium unit determined by respondent in the statutory notice of deficiency is also $223,650. We hold that petitioner has failed to prove that the value of the condominium unit for the purpose of its Federal estate tax liability was less than $223,650. To reflect concessions and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. All Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to the Internal Revenue Code of 1954, as amended and in effect at the time of the decedent's death.↩
2. Except for its steadfast insistence that the letter of September 15, 1977, was not a codicil to decedent's will and that such letter did not effect an inter vivos gift of an interest in the condominium unit to Erma, petitioner made no attempt to characterize the letter or explain the foundation for the State Probate Court's order awarding the interest to Erma. In any case, there is no indication from the parties that decedent could not have repudiated such letter at any time before his death.↩