ESTATE OF JOHN PUDIM, JR., DECEASED, EDWARD PUDIM, ADMINISTRATOR, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Pudim v. Commissioner
Docket No. 425-76.
United States Tax Court
T.C. Memo 1982-606; 1982 Tax Ct. Memo LEXIS 144; 44 T.C.M. (CCH) 1425; T.C.M. (RIA) 82606; October 18, 1982. Edward Pudim (administrator), for the petitioner. Frank W. Louis and David N. Brodsky, for the respondent. HAMBLEN
MEMORANDUM *145 FINDINGS OF FACT AND OPINION HAMBLEN, Judge:* Respondent determined a deficiency of $36,046.71 in petitioner's Federal estate tax. After concessions, the issues for decision are: (1) Whether the decedent's one-half undivided interests in three parcels of real property and certain personal property should be valued at one-half the fair market value of such properties or at some discount thereto. (2) Whether petitioner is entitled to a deduction for administrator's fees in excess of the amount allowed by respondent. (3) Whether petitioner is entitled to a deduction for property taxes that accrued after the date of the decedent's death. (4) Whether petitioner is entitled to a deduction for succession taxes. (5) Whether petitioner is entitled to a deduction for a dependent's allowance with respect to the decedent's sister, Pauline Pudim. (6) Whether petitioner is entitled to claimed deductions for unforeseen administration expenses and the estimated expenses of distributing the *146 estate's property to the decedent's heirs under section 2053. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The decedent, John Pudim, Jr., died on May 11, 1972. The administrator of his estate, Edward Pudim, resided in Somers, Connecticut, when the petition in this case was filed. Petitioner timely filed its Federal estate tax return with the Internal Revenue Service Center, Andover, Nassachusetts, on January 8, 1973. The five heirs of the decedent's estate and their relationship to the decedent are as follows: Beneficiary
Relationship
Pauline Pudim
Sister
Edith Pudim
Sister
Frederick Pudim
Brother
August Pudim
Brother
Edward Pudim
Brother
At the time of the decedent's death, he owned undivided one-half interests in three parcels of real property in Connecticut, certain farm equipment, and two motor vehicles. The decedent's brother, August Pudim, owned the remaining undivided one-half interests therein. The total value of the decedent's undivided one-half interests in the three parcels of real property was $76,819 at *147 the time of his death. The value of decedent's undivided one-half interests in the farm equipment and two motor vehicles was $6,494 and $150, respectively, at the time of his death. When he died, the decedent also owned five motor vehicles worth $700. On June 20, 1972, pursuant to the application of the administrator of decedent's estate, a Connecticut probate court ordered petitioner to pay Pauline Pudim, the decedent's sister, $25 per week for her support during the course of the settlement of the estate. From 1973 through 1976, petitioner paid Pauline Pudim the following amounts for her support: Year
Amount
1973
$1,275
1974
1,300
1975
1,325
1976
225
Total
$4,125
Petitioner has paid the administrator of the estate, Edward Pudim, fees in the amount of $16,625. From 1973 through 1979, petitioner also paid $12,372.08 in property taxes. All of such property taxes accrued after the date of the decedent's death. Petitioner has claimed property tax deductions of $1,614.52, $1,488.52, and $1,620.04, respectively, on its fiduciary income tax returns for 1976, 1977, and 1978. On its estate tax return, petitioner claimed the following deductions: Amount
Item
Claimed
Administrator's fees
$6,000
Dependent's allowance - Pauline
Pudim
1,300
Unforeseen administration expenses
10,000
Connecticut succession taxes
[2] 5,000
*148 In the notice of deficiency respondent allowed the deduction claimed for administrator's fees, but disallowed the remainder of the above deductions. In addition to the amounts claimed on its estate tax return, petitioner has claimed the following deductions to which respondent has not agreed: Amount
Item
Claimed
Administrator's fees
$10,625
Property taxes
[3] 7,649
Estimated expenses of distributing
the estate's property
32,000
OPINION We must first decide whether the value of decedent's undivided one-half interests in the three parcels of Connecticut real property, the farm equipment, and the two motor vehicles is to be determined on the *149 basis of the decedent's proportionate interests in such properties. Petitioner contends that the decedent's interests in these properties must be valued at a discount because the decedent owned undivided interests therein. [4] According to petitioner, the decedent's undivided one-half interests in the real property, the farm equipment, and the two motor vehicles were not divisible or marketable, and, therefore, the value of each such interest must be discounted below one-half of the respective value of the entire property. Furthermore, petitioner insists that the valuation of these undivided interests must be further discounted due to the fact the properties will be equally divided among the five beneficiaries of the estate, thereby creating even smaller and correspondingly less valuable fractional interests. Petitioner also argues that this letter discount is applicable to the valuation of the five motor vehicles solely owned by the decedent when he died. [5]
*150 Respondetn, on the other hand, maintains that the valuation of such properties is not subject to any discount. It is respondent's position that the facts of each case determine whether a discount for a partial interest is appropriate and that petitioner has not established that it is entitled to any discount in valuing the property herein under consideration. We agree. Section 2033 provides that the "value of the gross estate shall include the value of all property to the extent of the interest therein of the decedent at the time of his death." Whether the decedent's undivided one-half interests in the properties should be valued at one-half the value of the entire properties or at some discount thereto is a question of fact. See Estate of Fawcett v. Commissioner,64 T.C. 889, 898 (1975). Although the value of an undivided interest in property may under some circumstances be less than the owner's proportionate interest in the entire property, [6] petitioner has simply failed to prove that a discount is appropriate in valuing the decedent's fractional interest in any of *151 the subject properties. Contrary to petitioner's contentions, there is no proof that the decedent's interest in the properties were not readily divisible and marketable. The record fails to show that the decedent's undivided one-half interest in any one of the subject properties would sell for less than one-half the total value thereof. On the record before us, we find that petitioner has not met its burden of proof. Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Furthermore, petitioner is not entitled to any discount in valuing the properties herein under consideration because they must be divided among the five beneficiaries of the decedent's estate. First, it does not appear that the estate's property must be divided equally among the five heirs. The record indicates that the property may be sold and the proceeds distributed to the heirs. Moreover, it is clear that the value of property includable in the decedent's gross estate is to be determined at the time of decedent's death and a subsequent division of such *152 property among the beneficiaries of the estate is irrelevant to that determination. "There is nothing in the statutes or in the case law that suggests that valuation of the gross estate should take into account that the assets will come to rest in several hands rather than one." Ahmanson Foundation v. United States,674 F.2d 761, 768 (9th Cir. 1981). The next issue for decision is whether petitioner is entitled to a deduction for administrator's fees in excess of the $6,000 allowed by respondent. Section 2053(a) provides for deduction from the gross estate for administration expenses "as are allowable by the laws of the jurisdiction * * * under which the estate is being administered." Section 20.2053-3(b)(1), Estate Tax Regs., provides: The executor or administrator, in filing the estate tax return, may deduct his commissions in such an amount as has actually been paid, or in an amount which at the time of filing the estate tax return may reasonably be expected to be paid, but *153 no deduction may be taken if no commissions are to be collected. If the amount of the commissions has not been fixed by decree of the proper court, the deduction will be allowed on the final audit of the return, to the extent that all three of the following conditions are satisfied: (i) The district director is reasonably satisfied that the commissions claimed will be paid; (ii) The amount claimed as a deduction is within the amount allowable by the laws of the jurisdiction in which the estate is being administered; and (iii) It is in accordance with the usually accepted practice in the jurisdiction to allow such an amount in estates of similar size and character. * * * Under the laws of the State of Connecticut, the fees to be awarded to the administrator of an estate are based upon reasonable compensation under the circumstances for the services rendered. See DiSesa v. Hickey,160 Conn. 250, 278 A.2d 785 (1971). What little evidence there is in the record with respect to this issue tends to indicate that the amount respondent allowed as a deduction for administrator's *154 fees is reasonable and accords with usually accepted practice in Connecticut. Petitioner has not satisfied its burden of proving that it is entitled to any deduction in excess of that allowed by respondent. Moreover, the record suggests that the administrator has unnecessarily prolonged the administration of the estate. Under these circumstances, we cannot find that the fees which petitioner paid to the administrator are allowable under Connecticut law, and, therefore, we hold for respondent. In addition, petitioner is not entitled to the deductions claimed for property taxes and Connecticut succession taxes. Section 2053(c)(1)(B) provides that the estate is not entitled to deduct either succession taxes or property taxes accruing after the death of the decedent, and the parties have stipulated that the property taxes paid by the estate accrued after the decedent's death. Accordingly, we sustain respondent's disallowance of these deductions. Petitioner is also not entitled to deduct any of the payments it made to Pauline Pudim for her support. *155 Section 20.2053-3(a), Estate Tax Regs., limits the deduction for administration expenses to expenses "actually and necessarily incurred in the administration of the decedent's estate," and provides that expenditures which are not essential to the proper settlement of the estate, but are incurred for the individual benefit of the heirs of the estate, may not be taken as deductions. Clearly, the payments that the estate made to Pauline were made to her in her capacity as a beneficiary of the estate, not as a creditor, and the probate order authorizing such payments does not indicate otherwise. Deductions are a matter of legislative grace, New Colonial Ice Co., Inc. v. Helvering,292 U.S. 435 (1934), and Congress has simply not provided for a deduction in this instance. Finally, petitioner is not entitled to the claimed deductions for unforeseen administration expenses and the estimated expenses of distributing the estate's property. Section 20.2053-1(b)(3), Estate Tax Regs., provides that "[n]o deduction may be taken upon *156 the basis of a vague or uncertain estimate," and petitioner has not established any basis for the apparently arbitrary amounts it has claimed as deductions. The decedent's estate has been under administration for a substantial period of time, and petitioner has substantiated, and respondent has allowed, deductions for a number of expenditures. Evidently, petitioner has conceded that it is not entitled to the deductions it claimed for unforeseen administration expenses and the estimated expenses of distributing the estate's property, but is now maintaining that it has incurred a number of additional deductible expenses and that the Court should refrain from entering a final decision in this case until the administration of the decedent's estate can be completed and all of the deductible expenses determined. We cannot agree. First, petitioner has not established that it is entitled to any deductions for administration expenses other than those allowed by respondent. Second, the record suggests that the administration of the estate should have been closed quite some time ago and that it has been unnecessarily prolonged by the administrator. Consequently, even if additional expenses *157 were incurred administering the estate's property, petitioner would not necessarily be entitled to a deduction therefor. Section 20.2053-3(d)(1), Estate Tax Regs., provides that a deduction for the expenses of preserving and caring for the estate's property will not be allowed "for a longer period than the executor is reasonably required to retain the property." Lastly, under the circumstances presented herein, there is absolutely no merit to petitioner's attempt to forestall a final resolution of the instant case. In conclusion, petitioner has advanced a number of additional extraneous arguments which we do not find it necessary to reproduce here. We have considered all of these arguments and found them meritless. To reflect the foregoing, Decision will be entered under Rule 155.
Footnotes
*. This case was tried before Judge Sheldon V. Ekman, who died on January 18, 1982. It was reassigned to Judge Lapsley W. Hamblen, Jr.↩, for disposition by Order of the Chief Judge.
1. Statutory references are to the Internal Revenue Code of 1954, as amended.↩
2. On February 5, 1973, petitioner paid Connecticut succession taxes in the amount of $4,835.99. The payment represented an estimate of the amount of the tax and was made to stop the accrual of interest. At the time of trial, petitioner's actual liability for Connecticut succession taxes had not been determined.↩
3. This figure represents the difference between the total property taxes paid by petitioner and the amount of such taxes previously claimed as a deduction on its fiduciary income tax returns.↩
4. Petitioner was represented by its administrator, Edward Pudim. Unfortunately, the arguments made by the administrator on petitioner's behalf exhibit considerable confusion and are, in some instances, unintelligible despite the best efforts of the Court to allow him to state his position in a comprehensible manner. Consequently, we have expressed petitioner's arguments as clearly as possible from what we have been able to glean from the record before us. ↩
5. The parties have agreed that the value of the decedent's proportionate interest in the three parcels of real property and the farm equipment is $76,819 and $6,494, respectively, unless some discount is appropriate in valuing those interests. Similarly, unless some discount is applicable, the value of both the decedent's undivided one-half interests in the two motor vehicles and the five other motor vehicles that he solely owned at the time of his death is $850.↩
6. See, e.g., Estate of Campanari v. Commissioner,5 T.C. 488↩ (1945).